IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL LOMBEH ALLEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-2846-D |
| § | |
| AMAZON.COM SERVICES, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action, *pro se* plaintiff Samuel Lombeh Allen ("Allen") sues his former employer, Amazon.com Services LLC ("Amazon"),[1] alleging claims for discrimination under 42 U.S.C. §1981 ("§ 1981"), the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2023), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and for intentional infliction of emotional distress ("IIED") and common law negligence. Amazon moves, *inter alia*, to dismiss for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants Amazon's motion but also allows Allen to replead. The court denies as moot Amazon's motion to stay and his motions for leave to join parties and for leave to amend the pleadings.

---

[1]In his complaint, Allen sues "Amazon." The court will refer to the defendant under the name it has used in moving to dismiss.

I

Allen was employed as an associate at Amazon when, in January 2023, he suffered a severe on-the-job injury to his leg.[2] Allen reported the incident to his supervisor, and the safety team and house manager were also informed. It was not until two months later, however, that Allen was sent to one of Amazon's clinics, where he was asked a few questions and a radio scan was performed before he was asked to return to work, without any medication. The next day, due to the pain and severity of the swelling in his leg, Allen telephoned the agent[3] managing his case and requested that she arrange for him to visit the hospital the following day. The agent informed Allen that she would not be able to get him in to see a doctor for one to two weeks. Despite Allen's attempts to explain the severity of his condition and his need to see a doctor as soon as possible, the agent ended the call. Allen then called an ambulance and was taken to the hospital, where he was treated. Allen became very ill and applied for medical leave, and he was ultimately unable to return to work by the expected date. Amazon terminated Allen's employment in August 2023 while he was on life support due to complications from his injury. Allen alleges that he was terminated "due to a critical medical complication, his disability[,] and inability to return to work on time."

---

[2]The court recounts the background facts favorably to Allen as the nonmovant. In deciding a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

[3]Allen does not indicate what role this "agent" served.

Compl. ¶ 4.

There are four motions pending before the court for decision at this time. The court is deciding the motions on the briefs, without oral argument.

II

*Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Failure to exhaust administrative remedies is an affirmative defense. *See, e.g.*, *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.) (Title VII exhaustion is an affirmative defense), *aff'd sub nom. Chen v. Irving Indep. Sch. Dist.*, 689 Fed. Appx. 379 (5th Cir. 2017). To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on an affirmative defense unless the nonmovant has "pleaded [it]self out of court by admitting to all of the elements of the defense." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at *3).

III

Amazon contends for two reasons that Allen's discrimination claims should be dismissed: first, because he has failed to exhaust his administrative remedies; and, second, because he has failed to state a plausible discrimination claim under any of the relevant statutes. The court considers each ground, in turn.

A

Amazon maintains that Allen's failure to plead that he has exhausted his administrative remedies for his discrimination claims under Title VII, the ADA, and the TCHRA means that these claims must be dismissed. Allen admits in his response that he did not file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC"). But he posits that the deadlines should be equitably tolled because, during the exhaustion period, he was critically ill and on life support, and that once he was medically able, he requested an application to file his charge of discrimination with the EEOC and was told that he was not qualified because he missed the deadline.[4] Allen's complaint contains no mention of filing

---

[4]Amazon objects to Allen's attempt to introduce new factual allegations in support of his request for equitable tolling that are not present in his complaint. This court has repeatedly held that, when ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint. *See Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019) (Fitzwater, J.) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Roubinek v. Select Portfolio Servicing Inc.*, 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.)); *see also Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008)

a charge of discrimination or receiving a right-to-sue letter from the EEOC or the TWC.

B

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Under Title VII and the ADA, a charge of discrimination must be filed within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). And under the TCHRA, a charge of discrimination must be filed within 180 days of the unlawful employment practice. *See* Tex. Lab. Code Ann. § 21.202(a).

Failure to exhaust administrative remedies is a non-jurisdictional affirmative defense. *See, e.g.*, *Thomas v. McDonough*, 2024 WL 1319727, at *2 (N.D. Tex. Mar. 26, 2024) (Scholer, J.); *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), *aff'd*, 587 U.S. 541 (2019) ("Failure to exhaust is an affirmative defense that should be pleaded."); *Luebano v. Off. Depot, L.L.C.*, 2023 WL 4249268, at *3 (5th Cir. June 29, 2023) (per curiam). "[W]hile affirmative defenses, including non-exhaustion, can be appropriately asserted on a 12(b)(6) motion, dismissal on such a basis is appropriate only if the defense is evident on the face of the complaint." *Luebano*, 2023 WL 4249268, at *3 (holding that the district court

---

("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). Accordingly, in deciding this motion, the court declines to consider factual allegations that are not contained in the complaint itself.

erred when it dismissed an ADA claim for not pleading exhaustion in the complaint when the plaintiff's "purported failure to exhaust d[id] not appear on the fact of her complaint"); *see also Obinyan v. Prime Therapeutics LLC*, 2019 WL 5647955, at *2 (N.D. Tex. Oct. 31, 2019) (Fitzwater, J.). Here, although Allen has not alleged in his complaint that he filed a charge of discrimination or that he received a right-to-sue letter, it is not apparent from the face of his complaint that he failed to do so such that he has pleaded himself out of court. The court therefore declines to dismiss his ADA, Title VII, and TCHRA claims based on the affirmative defense of failure to exhaust.[5]

IV

Amazon also contends that Allen has not stated a claim for relief under Title VII, the ADA, or the TCHRA.

A

Amazon maintains that Allen has failed to allege that he is a member of any protected class under Title VII.

Title VII prohibits employers from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Allen's complaint alleges only that he was discriminated against because of his disability, which is not a protected class under Title VII. He has therefore failed to allege a plausible claim for discrimination under Title VII, and this claim is dismissed.

---

[5]The outcome might be different, of course, if the defense were raised at the summary judgment stage.

Allen also brings a claim for discrimination under § 1981, which Amazon does not specifically address in its motion to dismiss. Nevertheless, because § 1981 claims require that a plaintiff be discriminated against on the basis of race, *see, e.g.*, *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003), and because Allen does not include such an allegation in his complaint, the court dismisses his § 1981 claim, which is not based on his race.[6]

B

Amazon also contends that Allen has failed to state a plausible claim for disability discrimination under the ADA or the TCHRA.[7] Allen maintains that he has alleged sufficient facts to make out these claims.

1

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. 42 U.S.C. § 12112(a). "In a discriminatory-termination action

---

[6]The court will assume *arguendo* that it is raising this ground for dismissal *sua sponte*. The court can do this because it is granting Allen leave to replead. *See, e.g.*, *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that the district court has authority to consider the sufficiency of complaints and dismiss actions on its own motion as long as the procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that the procedure was fair because the court granted leave to replead).

[7]The TCHRA "parallels the language of the [ADA,]" and Texas courts therefore follow ADA law in evaluating TCHRA discrimination claims. *See, e.g.*, *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285–87 (5th Cir. 2004). The following ADA analysis therefore applies to Allen's TCHRA claim as well. *See Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed. Appx. 440, 445 (5th Cir. 2018).

under the ADA, the employee may either present direct evidence that [he] was discriminated against because of [his] disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII case." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *Id.* at 697 (citation and internal quotation marks omitted).[8]

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such

---

[8]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g., Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive Amazon's motion to dismiss, however, Allen must plausibly plead the ultimate elements of his discrimination claim. *See Chhim*, 836 F.3d at 470. And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). Allen alleges that he "was not able to move [his] swollen leg due to the pains and the severity of [his] condition" and that he "became very ill" and was hospitalized and put on life support. Construed liberally, it is apparent that the inability to move one's leg would necessarily limit one or more of one's major life activities.[9] Nevertheless, Allen neither alleges that he was qualified for the job, nor does he provide sufficient factual allegations to make such an assertion plausible. And although he does allege that he was terminated "due to a critical medical complication, his disability and inability to return to work on time," this conclusory assertion is unsupported by any factual allegations suggesting that his termination was because of his disability. Allen has therefore failed to plausibly allege a disability discrimination claim.

2

Allen also brings a failure-to-accommodate claim. Under the ADA, to "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer]

---

[9]Amazon suggests that Allen has failed to allege any specifics relating to the nature, duration, or limitations caused by his injury, and it cites caselaw suggesting that a temporary injury may not constitute a disability for purposes of the ADA. The current text of the ADA, which has been amended since much of the caselaw limiting the definition of "disability" to conditions that are not temporary, limits only "regarded as" status to impairments that are not transitory and minor. See 42 U.S.C. § 12102(3)(B); *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 481 (5th Cir. 2023) ("We now take the opportunity to acknowledge, as our sister circuits have, that, following the ADAAA's passage, an impairment need not be 'permanent or long-term' to qualify as a disability."). Accordingly, Allen is not required to allege that his disability is permanent.

can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). To prevail on an ADA failure-to-accommodate claim, Allen will ultimately be obligated to prove that: "(1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (footnote and internal quotation marks omitted). A "qualified individual" is one who can perform the essential functions of the employment position, either with or without a reasonable accommodation. 42 U.S.C. § 12111(8). "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). The plaintiff is ultimately responsible for showing that the requested accommodation was reasonable. *See Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 618 (5th Cir. 2020). And "[t]he ADA provides a right to reasonable accommodation, not to the employee's preferred accommodation." *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021) (quoting *EEOC v. Argo Distrib., LLC*, 555 F.3d 462, 471 (5th Cir. 2009)).

Although Allen has plausibly pleaded that he had a disability and that he informed Amazon of his medical condition, he has failed to plausibly allege that he was a qualified individual, and he has not specified the accommodations that he requested but was denied. Instead, Allen alleges only that, "[d]espite notifying Defendant of his medical condition and requesting reasonable accommodation, Plaintiff was wrongfully terminated[.]" Compl. ¶ 4.

This conclusory assertion is insufficient to plausibly allege that Amazon is liable for disability discrimination on a failure-to-accommodate theory under the ADA or the TCHRA.

3

Because Allen has failed to plead a plausible disability discrimination or failure-to-accommodate claim, his claims under the ADA and the TCHRA are dismissed.

V

Allen also brings a negligence claim. Amazon moves to dismiss this claim on the grounds that it is statutorily preempted by the TCHRA, Title VII, and the ADA, and that Allen has not stated a negligence a claim because he has failed to allege any facts establishing the essential elements of the claim.

A

Amazon cites several cases for the proposition that a negligence claim is preempted and must be dismissed when it is premised on the same set of facts as a discrimination claim. The alleged facts pertaining to Allen's injury and Amazon's response to it, which appear to be the basis of Allen's negligence claim, are distinct from those giving rise to his discrimination claims, which are based on his termination. Accordingly, the court concludes that Allen's negligence claim is not preempted.

B

But Allen has failed, however, to plead a plausible negligence claim. "The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach." *Bent v. Mackie Wolfe*

*Zientz & Mann, P.C.*, 2013 WL 4551614, at *5 (N.D. Tex. Aug. 28, 2013) (Fitzwater, C. J.). Allen alleges that, during his employment as an Amazon associate, he suffered a "severe injury" while on the job, that he reported the incident to his supervisor, the safety team, and the house manager, and that he was not sent to one of Amazon's clinics until two months later. Compl. (ECF No. 3) at ¶ 4. Construed liberally, the complaint enables the court to draw the reasonable inference that Amazon did not respond to his injury in a manner that Allen deemed appropriate. But the complaint does not include any allegations that enable to court to reasonably infer what duty Allen was owed, how Amazon breached that duty, or how any alleged breach proximately caused Allen's damages. Allen has therefore failed to plead a plausible negligence claim, and this claim is dismissed.

VI

Although Amazon moves to dismiss Allen's complaint in its entirety, it does not specifically address Allen's IIED claim. Nevertheless, the court also dismisses this claim *sua sponte* since it is allowing Allen to replead. *See, e.g.*, *Biggers*, 767 F.Supp.2d at 733-34 n.7.

Texas has "adopted the Restatement's formulation of intentional infliction of emotional distress." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993)). "[T]o recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Id.* (internal quotation marks omitted) (quoting

*Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)). Conduct is extreme and outrageous if it goes "beyond all possible bounds of decency" and is "regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d at 621 (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965)). "Whether a defendant's conduct is extreme and outrageous is a question of law." *Williams v. Northrop Grumman Vought*, 68 S.W.3d 102, 113 (Tex. App. 2001, no pet.).

IIED is "first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). Thus "[w]here the gravamen of the plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* (collecting cases, including those involving claims of negligence, gross negligence, and assault and battery). Ultimately, "[p]roperly cabined, the tort [of IIED] simply has no application when the actor intends to invade some other legally protected interest," whether it be one protected by the law of torts or by statute. *Id.* (internal quotation marks omitted). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).

Aside from listing this cause of action in his complaint, Allen has not alleged any facts giving rise to a claim for IIED. Further, insofar as such a claim can be reasonably inferred

-14-

from the alleged facts, it seems that this claim arises from the same set of facts giving rise to his discrimination and negligence claims. Allen has therefore failed to plausibly allege a claim for IIED, and the court dismisses this claim. *See, e.g.*, *Fuller v. CIG Fin., LLC*, 2023 WL 146251, at *6 (N.D. Tex. Jan. 10, 2023) (Fitzwater, J.) (dismissing an IIED claim because the conduct that the plaintiff alleged constituted IIED was identical to that which purportedly constituted his other causes of action), *aff'd*, 2025 WL 570092 (5th Cir. Feb. 21, 2025).

VII

Although the court is granting Amazon's motion to dismiss, it will allow Allen to replead.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). It is not apparent that the pleading deficiencies in Allen's complaint are entirely incurable, and Allen has not advised the court that he is unwilling or unable to amend in a manner that will avoid dismissal. And, in granting leave to replead, the court takes into consideration that Allen is proceeding *pro se*. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.)

(granting leave to file third amended complaint because plaintiffs were appearing *pro se*).

VIII

With respect to the other motions pending in this case, the court denies as moot Amazon's February 3, 2025 motion to stay pending the court's ruling on its motion to dismiss. The court also denies Allen's March 7, 2025 motion for leave join other parties because there are currently no claims to which additional parties may be joined. The court denies as moot Allen's April 4, 2025 motion for leave to amend pleadings to join additional parties because the court is granting him leave to replead.

\* \* \*

For the reasons explained, the court dismisses all of Allen's claims without prejudice and grants him 28 days from the date of this memorandum opinion and order to file an amended complaint. The court also denies Amazon's February 3, 2025 motion to stay, Allen's March 7, 2025 motion for leave to join other parties, and Allen's April 4, 2025 motion for leave to amend pleadings to join additional parties.

**SO ORDERED**.

April 21, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE