IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL LOMBEH ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2846-D |
| | § | |
| AMAZON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Amazon moves to strike plaintiff Samuel Lombeh Allen's ("Allen's") amended complaint, to strike Allen's surreply to Amazon's motion to strike, and to enter final judgment. For the reasons that follow, the court denies Amazon's motions to strike and motion to enter final judgment.[*]

I

On April 21, 2025 the court granted Amazon's Fed. R. Civ. P. 12(b)(6) motion to dismiss and granted Allen 28 days to file an amended complaint. *Allen v. Amazon.com Servs., LLC*, 2025 WL 1160002, at *7 (N.D. Tex. Apr. 21, 2025) (Fitzwater, J.). Allen filed his amended complaint on May 20, 2025, one day after the 28-day deadline. Amazon now moves to strike Allen's amended complaint and his surreply to the motion to strike and to

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

enter final judgment. Allen opposes the motions, which the court is deciding on the briefs, without oral argument.

II

The court turns first to Amazon's motion to strike Allen's amended complaint. Although Allen's amended complaint was untimely, the court typically will not disregard an untimely filing where the untimeliness has not interfered with the decisional process of the court or unduly prejudiced the opposing party. *See, e.g.*, *Taylor v. Lear Corp.*, 2017 WL 6209031, at *1 n.2 (N.D. Tex. Dec. 8, 2017) (Fitzwater, J.). Because Amazon has not shown that the one-day delay in filing has prejudiced it, and the court concludes that the untimeliness of the filing has not interfered with the decisional process of the court, the court denies the motion to strike Allen's amended complaint. *See id.* (denying motion to strike plaintiff's amended complaint where plaintiff's "delay in filing the amended complaint has not prejudiced defendants or interfered with the decisional process of the court"); *Hill v. Optum*, 2017 WL 2378299, at *2 (N.D. Tex. June 1, 2017) (Fitzwater, J.) (denying motion to strike defendants' untimely responses where the responses "neither interfered with the decisional process of the court nor caused [the plaintiff] any prejudice greater than being faced with a response").

III

Turning to Amazon's other motions, the court denies Amazon's motion to enter final judgment because the court has denied the motion to strike Allen's amended complaint.

The court denies as moot Amazon's motion to strike Allen's surreply because the

-2-

surreply is immaterial to the court's resolution of the motion to strike Allen's amended complaint. *See Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2010 WL 1491422, at *5 n.5 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.) (denying motion to strike defendant's surreply as moot where court did not consider the surreply); *US LED, Ltd. v. Nu Power Assocs., Inc.*, 2008 WL 4376258, at *6 (S.D. Tex. Sept. 22, 2008) ("Because the Court does not rely upon the arguments in or newly submitted exhibits with the Surreply, this motion [to strike the Surreply] is denied as moot.").

\* \* \*

For the reasons explained, the court denies Amazon's motions to strike and to enter final judgment.

**SO ORDERED**.

August 27, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE