IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL LOMBEH ALLEN, §
§
Plaintiff, §
§
VS. § Civil Action No. 3:24-CV-2846-D
§
AMAZON, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which *pro se* plaintiff Samuel Lombeh Allen

("Allen") asserts various federal- and state-law claims against his former employer,

defendant Amazon. Amazon moves, *inter alia*, to dismiss under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim on which relief can be granted and for a stay pending the ruling on

Amazon's motion to dismiss. Allen moves, *inter alia*, for leave to file an amended

complaint. For the reasons that follow, the court grants Amazon's Rule 12(b)(6) motion in

part, and denies it in part, and grants Allen leave to replead. The court denies Amazon's

motion to stay and Allen's motion for leave to amend as moot.[1]

_____

[1]There are two other pending motions that are not yet ripe: Allen's October 28, 2025
motion to compel discovery responses and to require defendant to withdraw boilerplate
objections and his October 29, 2025 motion to modify subpoenas and for protective order.
The decisions on those motions will not impact the resolution of the motions the court now
decides, so today's decisions need not be deferred while waiting for those motions to become
ripe.

I

Allen is a visually impaired African American male.[2]  In April 2021 he began working at Amazon.  Throughout 2021 and 2022, Allen reported to his supervisors and human resources that hazardous equipment was being left in the blind navigation path.  According to Allen's amended complaint, Amazon took no action in response to his concerns.

On January 16, 2023 Allen ran into a "heavy steel object" that had been left in the blind navigation path.  Am. Compl. (ECF No. 33) 3.  He tripped and sustained a serious injury to his right leg.  Allen reported the incident to a manager and various teams at Amazon.

In early March 2023 Allen attended a meeting with Amazon's disability and leave services ("DLS"), human resources, and safety team to discuss the workplace accommodations that he had requested for his visual disability.[3]  Allen alleges that Amazon failed to "follow through" on his requested accommodations.  *Id.*

On March 2, 2023 Amazon sent Allen to a doctor to treat his leg.  The doctor who examined Allen asked him a few questions and did not administer treatment.  The next day, due to severe leg pain, Allen contacted Amazon's insurance provider and requested a hospital

---

[2]The court construes the amended complaint in the light most favorable to Allen as the nonmovant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Allen's favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

[3]Although it is not clear from the amended complaint when Allen formally requested accommodations, it appears that he did so at some point after his accident in January 2023 and before the meeting in early March 2023.

visit. The insurance agent told Allen that she would not be able to get him in to see a doctor for one to two weeks. Allen then called an ambulance and was taken to the hospital, where he was treated. Following this incident, a DLS agent approved Allen for disability leave and benefits through mid-April. The agent assured him that should his condition fail to improve, he would continue to receive benefits.

Allen requested an extension of his medical leave in mid-April, which was denied. Allen did not return to work and continued to request an extension of his medical leave in May, June, and July. Amazon continued to deny his requests. At some point, Allen was placed on life support due to complications arising from his leg injury. On August 3 2023, while Allen was on life support, Amazon terminated his employment.

The court previously dismissed Allen's original complaint[4] and granted him leave to replead. *Allen v. Amazon.com Servs., LLC ("Allen I")*, 2025 WL 1160002 (N.D. Tex. Apr. 21, 2025) (Fitzwater, J.). In his amended complaint, Allen alleges claims under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2023), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* He also alleges claims for common law

---

[4]The court uses the term "original complaint" to differentiate Allen's initial complaint from his amended complaint. Allen actually used the term "original petition" when filing this lawsuit, which is a Texas state-law term. And the pertinent federal rule—Rule 7(a)(1)—refers to "a complaint," not an "original complaint," as being an allowed pleading.

negligence, intentional infliction of emotional distress ("IIED"), and breach of Amazon's employment policy.[5]

Amazon moves to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Allen opposes the motion, which the court is deciding on the briefs, without oral argument.

## II

*Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. Nevertheless, "[a]lthough *pro se* pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them

---

[5]Allen asserts five new causes of action in his amended complaint that were not included in his original complaint. Amazon contends that the court should strike all of these new claims. The court disagrees. On repleading, a plaintiff may add new claims. *See, e.g.*, *Hunter v. Navy Fed. Credit Union*, 749 F.Supp.3d 743, 747 (N.D. Tex. 2024) (Fitzwater, J.); *Zuniga v. City of Dallas, Tex.*, 2024 WL 2734956, at *1 (N.D. Tex. May 28, 2024) (Fitzwater, J.).

in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

Amazon moves to dismiss Allen's claims under Title VII, the TCHRA, and the ADA on the grounds that these claims were not exhausted[6] and fail to state a plausible claim for

---

[6]Failure to exhaust administrative remedies is an affirmative defense. *See, e.g.*, *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015)

relief.  In his amended complaint, Allen recognizes that he did not file a timely charge of discrimination with the Equal Employment Opportunity Commission or the Texas Workforce Commission.  He maintains, however, that the deadlines should be equitably tolled because, during the exhaustion period, he was critically ill and on life support.

The court will assume, without deciding, that Allen's claims under Title VII, the TCHRA, and the ADA are not barred on the basis that Allen failed to exhaust them and will proceed to consider whether he has pleaded plausible claims for relief.

IV

The court now considers whether Allen's race discrimination claim under Title VII should be dismissed under Rule 12(b)(6).

A

Title VII prohibits an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

_____

(Fitzwater, J.) (Title VII exhaustion is an affirmative defense), *aff'd sub nom. Chen v. Irving Indep. Sch. Dist.*, 689 Fed. Appx. 379 (5th Cir. 2017).  To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings."  *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).  In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has "pleaded himself out of court by admitting to all of the elements of the defense."  *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at *3).  But "even if not referenced in the complaint and central to [the plaintiff's] claims, the Court can take judicial notice of the [Equal Employment Opportunity Commission] charge as a public record."  *West v. R&K Enter. Sols.*, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024) (Horan, J.), *rec. adopted*,  2024 WL 3891838 (N.D. Tex. Aug. 21, 2024) (Fish, J.).

- 6 -

When a plaintiff alleges a Title VII claim of race discrimination based on circumstantial evidence, as Allen does, the court can use the *McDonnell Douglas*[7] framework as a reference when determining whether the plaintiff has plausibly alleged the ultimate elements of his claim.[8]  Under this framework, a plaintiff must sufficiently plead that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others similarly situated but outside his protected class were treated more favorably.  *See, e.g.*, *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022).

---

[7]*McDonnell Douglas Co. v. Green*, 411 U.S. 792, 802 (1973).

[8]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.").  To survive Amazon's motion to dismiss, however, Allen must plausibly plead the ultimate elements of his discrimination claim.  *See Chhim*, 836 F.3d at 470.  And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim.  *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71))

B

Amazon contends that Allen has failed to state a plausible claim for race-based discrimination because he has not alleged facts that demonstrate that he was treated less favorably than other similarly situated employees outside of his protected group. Allen responds that he has alleged sufficient facts to state a claim under Title VII.

C

Allen has not pleaded a plausible Title VII claim for race-based discrimination. He alleges no facts that enable the court to draw the reasonable inference that others similarly situated outside his protected group were treated more favorably. Allen makes conclusory assertions about how "non-African American employees were granted leave, provided with accommodations, and were not subject to termination under similar circumstances." Am. Compl. (ECF No. 33) 12. But at no point does he identify similarly situated individuals outside of his protected group who were treated differently, nor does he elaborate on any specific incidents to support his conclusory assertions about the disparate treatment. Thus Allen has failed to allege any factual content that, if taken as true, would give rise to a plausible discrimination claim under Title VII. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (affirming dismissal of claim when there was no allegation that any individual outside protected group "with a similar job and supervisor and who engaged in the same conduct . . . received more favorable treatment"); *Butler v. Our Cmty. Our Kids*, 2025 WL 2432616, at *5 (N.D. Tex. Aug. 22, 2025) (Fitzwater, J.) (dismissing Title VII claim where plaintiff failed to identify "similarly situated individuals" and failed to "elaborate on

any specific incidents" of disparate treatment).

V

The court next considers Allen's disability discrimination and failure-to-accommodate claims under the ADA and the TCHRA.[9]

A

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. 42 U.S.C. § 12112(a). "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (alteration in original) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)). Discrimination under the ADA also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). To prevail on a failure-to-accommodate claim, Allen will ultimately be obligated to prove that: "(1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable

---

[9]The TCHRA "parallels the language of the [ADA,]" and Texas courts therefore follow ADA law in evaluating TCHRA claims. *See, e.g.*, *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285-87 (5th Cir. 2004). The following ADA analysis therefore applies to Allen's TCHRA claims as well. *See Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed. Appx. 440, 445 (5th Cir. 2018) (per curiam).

accommodations for such known limitations." *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (footnote and internal quotation marks omitted).

## B

Amazon contends that Allen's claims should be dismissed because he has failed to allege that he was a qualified individual. Allen responds that whether he was qualified raises factual issues that cannot be resolved at the Rule 12(b)(6) stage.

## C

The court concludes that Allen has not pleaded a plausible disability discrimination claim or a failure-to-accommodate claim. Both causes of action require that Allen plausibly plead that he was a qualified individual at the time of Amazon's employment decisions. *Lucas v. Ericsson, Inc.*, 1998 WL 401631, at *3 (N.D. Tex. July 13, 1998) (Boyle, J.) ("The determination of whether an individual is qualified is made at the time of the employment decision[.]"). A "qualified individual" is one who can perform the essential functions of the employment position, either with or without a reasonable accommodation. 42 U.S.C. § 12111(8). Allen has failed to plead sufficient facts for the court to draw the reasonable inference that he could have performed the essential functions of the job, either with or without a reasonable accommodation. To the contrary, his allegations tend to suggest otherwise. *See Nelson v. Covestro LLC*, 2019 WL 1979914, at *3-4 (S.D. Tex. May 3, 2019) (Rosenthal, C.J.) (dismissing ADA claim where plaintiff's allegations suggested he was not

qualified).[10]

Accordingly, the court grants Amazon's motion to dismiss these claims. *See Sol v. City of Dallas*, *Tex.*, 2024 WL 780431, at *5 (N.D. Tex. Feb. 26, 2024) (Scholer, J.) (dismissing ADA claim where plaintiff failed to sufficiently plead that he was a qualified individual); *Nelson*, 2019 WL 1979914, at *4 ("Without factual allegations that could support a finding that [plaintiff] is a 'qualified individual' under the [ADA], he cannot bring a claim under that statute.").

VI

Allen also brings retaliation claims under the ADA and the TCHRA.[11]

A

To establish a prima facie case of retaliation, Allen must show that (1) he engaged in an activity protected by the ADA, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). Very close timing between the employee's protected activity and the adverse employment action may alone provide the causal connection required to make out a prima facie case of retaliation. *Id.* at 305.

---

[10]At some point, Allen was also placed under life support due to complications from his leg injury.

[11]The court also analyzes Allen's ADA and TCHRA retaliation claims concurrently. *See Way v. City of Missouri City*, 133 F.4th 509, 521 n.18 (5th Cir. 2025) ("[W]e analyze [plaintiff's] ADA and TCHRA retaliation claims concurrently.").

B

Allen alleges that, after he requested accommodations, Amazon engaged in "retaliatory actions, including denial of medical leave and ultimately terminating [his] employment." Am. Compl. (ECF No. 33) 9.[12]  Amazon maintains that Allen has failed to allege any facts that enable the court to reasonably infer a causal connection between the protected activity and the adverse action.  Allen responds that the timing alone is sufficient to establish a causal connection.

C

The court concludes that Allen has not pleaded a plausible retaliation claim.  At some point before the early March 2023 meeting, Allen formally requested accommodations.  In mid-April 2023 Amazon denied Allen's first request to extend his medical leave.  While a 6½ week time frame has been held to be sufficiently close to establish a causal connection, *Lyons*, 964 F.3d at 305, the denial of his mid-April request to extend his medical leave appears to fall outside of that time frame.  Moreover, the fact that Allen experienced an "intervening positive employment action further weaken[s] the already tenuous causal link." *Dumas v. Union Pac. R.R. Co.*, 294 Fed. Appx. 822, 827 (5th Cir. 2008) (per curiam) (citing *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir.1994)).  After Allen

---

[12]Although it is unclear at times whether Allen is alleging that the denial of his requests to extend his medical leave is part of the protected activity he engaged in or part of the retaliation he allegedly experienced, his amended complaint suggests that he is asserting that Amazon's denial of his requests to extend his medical leave is part of the retaliation he experienced.

requested accommodations but before he was denied an extension of his medical leave, Amazon had initially granted him medical leave. Thus the timing alone does not allow the court to reasonably infer a causal connection between the protected activity and Amazon's denial of Allen's request to extend his medical leave.[13]

There is also an absence of a causal connection between Allen's request for accommodations and his termination in August 2023. A "five month lapse is not close enough" to establish a causal connection, and approximately five months elapsed between his request for accommodations and his termination. *Lyons*, 964 F.3d at 305. Accordingly, the court dismisses Allen's retaliation claim.

VII

The court next considers Allen's hostile work environment claim under Title VII and the ADA.

A

The elements of a hostile work environment claim are the same under Title VII and the ADA. *See Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) ("A cause of action for disability-based harassment is modeled after the similar claim under Title VII." (citation and internal quotation marks omitted)). To establish a hostile work environment, the plaintiff must show that he (1) is a member of a protected group; (2)

---

[13]Amazon also denied Allen's requests to extend his medical leave in May, June, and July. The court addresses only the potential causal connection with the first extension request because that is the only request that could have plausibly come within 6½ weeks of his request for accommodations.

- 13 -

suffered unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Id*. 235-36. To effect a term, condition, or privilege of employment, the harassment must "be sufficiently pervasive or severe." *Id.* at 236 (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998) (per curiam)). Amazon maintains that Allen has not alleged sufficient facts to make out a hostile work environment claim.

B

The court concludes that Allen has failed to plead a plausible hostile work environment claim. Allen alleges that Amazon subjected him "to a hostile work environment characterized by repeated discriminatory treatment and failure to accommodate Plaintiff's needs." Am. Compl. (ECF No. 33) 14. This conclusory assertion lacks factual detail and is insufficient to enable the court to reasonably infer that Allen experienced severe or pervasive harassment on account of his race or disability. The court therefore dismisses Allen's hostile work environment claim. *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (affirming dismissal where plaintiff's allegations were pleaded "in a conclusory fashion without meaningful factual content").[14]

---

[14]To the extent Allen brings a hostile work environment claim under the TCHRA, that claim fails for the same reasons. *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020).

- 14 -

VIII

Allen also asserts a claim under the FMLA.

A

"The FMLA allows eligible employees to take up to twelve weeks of leave in any one-year period to address a family member's or the employee's own serious health condition." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015) (citing 29 U.S.C. § 2612(a)(1)(C)-(D)). The FMLA prohibits employers from interfering with an employee's ability to exercise an FMLA right and from retaliating against an employee for exercising an FMLA right. *See id.* To prevail under the FMLA, the plaintiff must allege that he is an eligible employee and that he requested or took FMLA leave. *See Rojas v. City of Grand Prairie*, 2019 WL 1115052, at *4-5 (N.D. Tex. Mar. 11, 2019) (Kinkeade, J.). Amazon contends that Allen has not alleged that he was an eligible employee and that he "erroneously conflates his request for leave under Amazon's injury benefit plan with the FMLA." D. Br. (ECF No. 45) 20-21.

B

The court concludes that Allen has failed to plead a plausible FMLA claim. To qualify as an "eligible employee," the plaintiff must have been employed "for at least 12 months by the employer" and worked "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Although Allen alleges that he worked at Amazon for over two years, he does not plead sufficient "facts to show that [he] worked the requisite amount of hours to be eligible for FMLA leave." *Wright v. Arlington*

- 15 -

*Indep. Sch. Dist.*, 834 Fed. Appx. 897, 903 (5th Cir. 2020) (per curiam) (affirming dismissal of FMLA claim where plaintiff failed to allege that she worked requisite amount of hours). Furthermore, the allegations in his amended complaint do not suggest that he requested or took FMLA leave as opposed to leave under Amazon's injury benefit plan. *See Rojas*, 2019 WL 1115052, at *4-5 (dismissing FMLA claim where plaintiff did not plausibly allege that she requested or took FMLA leave); *see also Twombly*, 550 U.S. at 557 (explaining that allegations "merely consistent with" the conduct at issue are insufficient at the pleading stage). Because Allen has not plausibly pleaded that he is an eligible employee or that he requested or took FMLA leave, the court dismisses this claim.

IX

Allen also alleges a claim under OSHA. But OSHA "creates no private cause of action." *Barrera v. E. I. Du Pont De Nemours & Co.*, 653 F.2d 915, 920 (5th Cir. Unit A Aug. 1981) (citing *Jeter v. St. Regis Paper Co.*, 507 F.2d 973 (5th Cir. 1975)). Because there is no private cause of action under OSHA, the court grants Amazon's motion to dismiss this claim.

X

The court next considers Allen's claim that Amazon breached its employment policy. Under Texas law, employment policies "constitute general guidelines in the employment relationship and do not create implied contracts" unless the policy "expressly and unequivocally evidences an intent" to do so. *Adams v. Mut. of Omaha Ins.*, 2014 WL 1386563, at *4 (N.D. Tex. Apr. 9, 2014) (Fitzwater, C.J.) (citations omitted). Allen has

- 16 -

failed to plead sufficient facts for the court to draw the reasonable inference that the employment policies Amazon breached were implied contracts. The court therefore dismisses this claim.

XI

The court now turns to Allen's common law negligence claim.

A

"A state law claim is preempted by a federal statute when the 'gravamen of a plaintiff's complaint is of the type of wrong that the statutory remedy was meant to cover.'" *McNeill v. Tyson Fresh Meats, Inc.*, 2023 WL 8532408, at *12 (N.D. Tex. Dec. 8, 2023) (Kacsmaryk, J.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808-09 (Tex. 2010)); *see also McReynolds v. Bell Textron, Inc.*, 2023 WL 2432916, at *4 (N.D. Tex. Feb. 2, 2023) (Ray, J.) (concluding that tort claim was preempted because it arose out of the same facts as plaintiff's discrimination claims), *rec. adopted*, 2023 WL 2432028 (N.D. Tex. Mar. 9, 2023) (O'Connor, J.). Amazon contends that Allen's discrimination claims preempt his negligence claim because they are premised on the same set of facts.

B

The court concludes that Amazon has failed to demonstrate at the Rule 12(b)(6) stage that Allen's negligence claim is preempted. Allen alleges that Amazon was negligent because of its failure to keep the blind navigation path free from hazardous equipment.[15]

_____

[15]Amazon's preemption argument focuses on the factual allegations that Allen provided in the section of his amended complaint entitled "Employer Negligence and

- 17 -

That conduct, Allen maintains, caused his leg injury. By contrast, Allen's discrimination claims arise primarily out of Amazon's conduct after his leg injury, such as Amazon's response to Allen's workplace accommodations request, the denial of his requests to extend his medical leave, and his termination. Because the court cannot say at the Rule 12(b)(6) pleading stage that Allen's negligence claim clearly arises from the same set of facts that give rise to his discrimination claims, the court denies Amazon's motion to dismiss this claim. *See Allen I*, 2025 WL 1160002, at *6.

XII

The court next considers Allen's IIED claim.

A

An IIED claim is "first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). "Properly cabined, the tort [of IIED] simply has no application when the actor intends to invade some other legally protected interest," whether it be one protected by the

---

Medical Delay," which addresses events following his leg injury. Am. Compl. (ECF No. 33) 4-5. While his amended complaint is not a model of clarity, Allen asserts elsewhere that his negligence claim arises out of Amazon's failure to keep the pathways free of hazardous equipment. *See Potts v. Estelle*, 529 F.2d 450, 452 (5th Cir. 1976) ("The standard against which we measure pro se complaints and petitions is and should be loose enough to accommodate the inartful pleader." (citing *Haines*, 404 U.S. at 520-21)).

- 18 -

law of torts or by statute. *Id.* (internal quotation marks omitted). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). As with Allen's negligence claim, Amazon maintains that his IIED claim is preempted.

B

In *Allen I* the court concluded that Allen had failed to plausibly allege a claim for IIED because the claim arose from the same set of facts that gave rise to his discrimination and negligence claims. *Allen I*, 2025 WL 1160002, at *7. The court reaches the same conclusion when assessing his amended complaint. Allen's IIED claim arises from the same set of facts giving rise to his other claims. Accordingly, the court dismisses Allen's IIED claim. *See, e.g., Fuller v. CIG Fin., LLC*, 2023 WL 146251, at *6 (N.D. Tex. Jan. 10, 2023) (Fitzwater, J.) (dismissing an IIED claim because conduct that plaintiff alleged constituted IIED was identical to that which purportedly constituted his other causes of action), *aff'd*, 2025 WL 570092 (5th Cir. Feb. 21, 2025).

XIII

Although the court is dismissing nearly all of Allen's claims and has already afforded him one opportunity to replead, it will again grant him leave to amend. *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, 7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted). And as a *pro se* plaintiff, Allen should be given a fair opportunity to plead his best case. *See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner*

- 19 -

*& Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*."). Accordingly, with the exception noted next, the court will allow Allen to replead his claims.

The court will not permit Allen to replead his claim under OSHA because this claim is not available to him as a matter of law, regardless how many attempts he is allowed to make to state such a claim. *See Clemmer v. Irving Indep. Sch. Dist.*, 2014 WL 2475924, at *5 n.10 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) (declining to allow plaintiffs to replead a claim where relief sought was unavailable).

XIV

In view of its resolution of Amazon's motion to dismiss and decision to allow Allen to replead, the court denies Amazon's motion to stay and Allen's motion for leave to amend as moot.

*    *    *

For the reasons explained, the court grants in part and denies in part Amazon's motions to dismiss, and grants Allen 28 days from the date this memorandum opinion and

order is filed to file his second amended complaint.  The court also denies Amazon's motion to stay and Allen's motion for leave to amend as moot.

**SO ORDERED**.

November 3, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE