IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL LOMBEH ALLEN,           §
                               §
              Plaintiff,        §
                               §
VS.                            §        Civil Action No. 3:24-CV-2846-D
                               §
AMAZON,                        §
                               §
              Defendant.        §

MEMORANDUM OPINION
AND ORDER

In response to defendant Amazon's subpoenas served on three non-parties, *pro se* plaintiff Samuel Lombeh Allen ("Allen") has filed a "Motion to Compel Discovery Responses and to Require Defendant to Withdraw Boilerplate Objections" and a "Motion to Modify Subpoenas and for Protective Order (Under Fed. R. Civ. P. 45(d)(3) and 26(c))." For the reasons that follow, the court denies the motion to compel, and grants in part and denies it part the motion to modify subpoenas and for a protective order.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding these motions. *See Allen v. Amazon*, 2025 WL 3059629, at *1-2 (N.D. Tex. Nov. 3, 2025) (Fitzwater, J.).

Allen served discovery requests on Amazon. According to Allen, Amazon responded to the requests with improper and unsupported objections. Allen then filed a motion to compel discovery responses and to require Amazon to withdraw its boilerplate objections.

In October 2025 Amazon notified Allen of its intention to serve three identically worded subpoenas on non-parties Medical City Dallas ("Medical City"), Parkland Health & Hospital System ("Parkland"), and Concentra Urgent Care ("Concentra"). The subpoenas required these three medical facilities to produce "any and all medical records" related to Allen from January 1, 2015 to the present. D. App. (ECF No. 65-3) 34, 38, 42. In response, Allen filed a motion to modify subpoenas and for protective order.

Amazon opposes the motions, which the court is deciding on the briefs, without oral argument.

## II

The court begins by addressing Amazon's contention that Allen's motions should be stricken because of their failure to comply with the court's local civil rules.

## A

Amazon maintains that, before Allen filed his motion to modify the subpoenas and for a protective order, he failed to satisfy the conference requirements of N.D. Tex. Civ. R. 7.1. In his motion, Allen represented that he "attempted in good faith to confer with Defendant's counsel . . . on 25, OF October, 2025 but no agreement was reached." P. Br. (ECF No. 58) 2. Amazon disputes Allen's representation of what occurred. It contends that, on October 27, 2025, Allen sent a letter to Amazon's counsel after business hours to "initiate a good-faith meet-and-confer regarding [Amazon]'s recently served subpoenas" and then requested a response within two days. D. Resp. (ECF No. 64) 3 (alteration in original). Before the two-day deadline expired, Allen filed the motion to modify the subpoenas and for

- 2 -

a protective order.

Allen failed to comply both with a Federal Rule of Civil Procedure and with one of this court's local civil rules: he did not confer in "good faith," *see* Fed. R. Civ. P. 26(c)(1), and did not fully explain why it was not possible to confer, *see* N.D. Tex. Civ. R. 7.1(b)(3) ("If a conference was not held, the certificate must explain why it was not possible to confer[.]"). Nevertheless, "[a] failure to satisfy conference requirements does not . . . mandate summary denial of [a motion,] because the Court retains discretion to waive strict compliance with the conference requirements and to consider the motion[] on [its] merits." *Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) (Solis, C.J.) (citation and internal quotation marks omitted), *modified in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015). The court in its discretion can excuse a failure to confer when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.).

Here, although Allen's certificate of conference violates both a Federal Rule of Civil Procedure and one of this court's local civil rules, it is clear that the motion is opposed. The issue in dispute—whether the information sought in three identically worded subpoenas is relevant—is also already sufficiently narrow despite the absence of the required conference. Accordingly, the court will not deny Allen's motion based solely on his failure to comply with Rule 26(c)(1) and local civil rule 7.1. *See State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2018 WL 10391736, at *2 (N.D. Tex. Dec. 17, 2018) (Rutherford, J.) (declining to deny

motion to quash and for protective order based on failure to comply with Rule 26(c)(1) and local civil rule 7.1).

Although the court has decided not to deny Allen's motion to modify the subpoenas and for a protective order based on his failure to abide by these national and local rules, the court emphasizes that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated." *Obregon*, 2002 WL 1792086, at *1 n.3. Indeed, a magistrate judge of this court has cautioned that "future noncompliance with the certificate of conference requirement may result in the Court striking the offending motion from the docket." *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *1 n.1 (N.D. Tex. Oct. 30, 2017) (Toliver, J.). The same is true for a failure to comply with a Federal Rule of Civil Procedure.

B

Amazon also maintains that the court should strike Allen's motion to compel because of his failure to disclose his use of artificial intelligence ("AI"). N.D. Tex. Civ. R. 7.2(f)(1) requires that "[a] brief prepared using generative [AI] must disclose this fact on the first page[.]" Allen does not dispute that he used AI or that he failed to make the required disclosure. According to Amazon, Allen's use of AI has resulted in his citing non-existent cases and procedures and providing hallucinated quotations.

The court declines at this time to sanction Allen for his undisclosed use of AI. Allen is proceeding *pro se*, and the court has not previously warned him of the consequences of failing to comply with the court's local civil rules. While such a warning is not necessarily

- 4 -

required in this or any other case involving a *pro se* party, the court deems it best to admonish Allen before imposing sanctions that could be quite severe. Accordingly, the court warns Allen that, going forward, his failure to comply with N.D. Tex. Civ. R. 7.2(f) "may result in the imposition of sanctions, including the striking of filings, the imposition of filing restrictions, monetary penalties, or dismissal of this action." *Jayroe v. Progressive Cas. Ins.*, 2025 WL 3144976, at *3 (N.D. Tex. Oct. 27, 2025) (Toliver, J.), *rec. adopted*, 2025 WL 3143269 (N.D. Tex. Nov. 10, 2025) (Fish, J.).

III

The court now turns to Allen's motion to modify the subpoenas that Amazon served on Medical City, Parkland, and Concentra.

A

The court must initially decide whether Allen has standing to challenge the subpoenas. "A party's standing to quash subpoenas served on non-parties pursuant to Rule 45 is limited." *MC Trilogy Tex., LLC v. City of Heath, Tex.*, 2023 WL 5918925, at *9 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.). To have standing, "[t]he movant must 'be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.'" *Id.* (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). The movant may establish a "personal right" to subpoenaed materials requested from a non-party in limited circumstances, such as when "the subpoena seeks confidential or protected information sensitive to the movant." *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011)

(collecting cases).  "A party challenging a subpoena issued to a non-party may not object on the grounds that it 'violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant[,] because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'"  *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021) (quoting *River House Partners, LLC v. Grandbridge Real Est. Cap. LLC*, 2016 WL 3747613, at *3 (M.D. La. July 11, 2016)).

The court holds that Allen has standing to challenge the subpoenas served on Medical City, Parkland, and Concentra.  Allen's contention that the subpoenas are overbroad and disproportionate is, alone, insufficient to provide him standing.  *See, e.g.*, *Donaldson v. Crisp*, 2023 WL 6201372, at *5 (E.D. Tex. Sept. 21, 2023) (collecting cases) ("[A] party cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome." (citations and internal quotation marks omitted)).  But the subpoenas seek Allen's medical records.  The sensitive information contained in his medical records confers Allen with standing.  *See Ruiz v. Home Depot U.S.A., Inc.*, 2024 WL 2982042, at *4 (N.D. Tex. June 13, 2024) (Fitzwater, J.) (holding that plaintiff had standing to challenge non-party subpoena targeting her medical records); *Giarratano v. Huntington Ingalls Inc.*, 2022 WL 16552816, at *4 (E.D. La. Oct. 31, 2022) ("Plaintiff has standing to seek the relief requested in this case under Rule 45 because she has a personal interest in her medical records.").

- 6 -

B

Having concluded that Allen has standing to challenge the subpoenas, the court now addresses the merits of his request to modify the subpoenas.[1]

1

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely motion, the court must quash or modify a subpoena if it "subjects a person to undue burden."

---

[1] Allen's motion is in part styled as a "Motion to Modify Subpoenas," and the relevant section of his brief is entitled "The Subpoenas Should Be Modified Under Rule 45(d)(3)(A)." P. Br. (ECF No. 58) 1. At times, however, he requests that the court modify or quash the subpoenas. As discussed below, the court agrees with Allen that the wording of the subpoenas is overbroad. But at least some of the subpoenaed information is likely relevant, and Allen, as the movant, has not demonstrated that production of that information will unduly burden him or the three medical facilities. The court therefore declines to quash the subpoenas *in toto*. *See Ruiz*, 2024 WL 2982042, at *5 (applying similar reasoning to deny motion to quash); *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.")

- 7 -

Rule 45(d)(3)(A)(iv).  The movant has the burden of proof, *see Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'"  *Williams*, 178 F.R.D. at 109 (citation omitted).

"Whether a burdensome subpoena is reasonable must be determined according to the facts of the case[.]"  *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998) (citation and internal quotation marks omitted).  Among the factors that the court may consider in determining whether there is an undue burden are "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."  *Wiwa*, 392 F.3d at 818 (citing *Williams*, 178 F.R.D. at 109).  The status of a witness as a non-party entitles the witness to consideration regarding expense and inconvenience.  *See* Rule 45(d)(2)(B)(ii).  Undue burden can be found when a subpoena *duces tecum* is facially overbroad.  *See, e.g.*, *Wiwa*, 392 F.3d at 818.

2

The subpoenas request

> ANY AND ALL MEDICAL RECORDS (EXCLUDING BILLING RECORDS), FROM 1/1/2015 TO PRESENT, INCLUDING BUT NOT LIMITED TO RECORDS REGARDING THE PATIENT'S CONDITIONS AND TREATMENTS, DOCTOR'S NOTES, EVALUATIONS,

> OFFICE NOTES, PROGRESS NOTES, CORRESPONDENCE
> WITH OTHER PHYSICIANS, THERAPISTS, HOSPITALS
> AND/OR HEALTHCARE PROVIDERS, PHYSICAL
> THERAPY RECORDS, LAB REPORTS, PATHOLOGY
> REPORTS, RADIOLOGY REPORTS, ALL OTHER
> DIAGNOSTIC REPORTS, PRESCRIPTIONS, REFERRALS
> TO OTHER HEALTH CARE PROVIDERS, CLAIMS,
> WORKER'S COMPENSATION RECORDS, HOSPITAL
> RECORDS, THERAPISTS' RECORDS, PATIENT
> INFORMATION FORMS, PATIENT INSURANCE FORMS,
> INTAKE FORMS, HANDWRITTEN NOTES, LETTERS OF
> PROTECTION, TELEPHONE MESSAGES, NURSES'
> NOTES, EVERY SUCH RECORD . . . PERTAINING TO;
> SAMUEL LOMBEH[.]

D. App. (ECF No. 65-3) 34, 38, 42.  Allen contends that the subpoenas are deficient in two

ways.  He maintains, first, that the subpoenas cover irrelevant subject matter.[2]  Allen posits,

for example, that the subpoenas elicit information about his reproductive health and HIV

testing.  He asserts, second, that the subpoenas' ten-year scope is too broad because it

extends beyond the period he was employed with Amazon.

Amazon responds that, because Allen's claims involve his visual disability, right leg

injury, physical pain and suffering, and mental anguish and emotional distress, it is entitled

to discover information about his history of physical impairments, mental or emotional

issues, disabilities, alternative stressors, and medical reasons restricting him from work

besides those alleged.  And, Amazon explains, the subpoenas as phrased are reasonably

---

[2]He also maintains that the subpoenas reach information protected by the Health
Insurance Portability and Accountability Act of 1996 and his privacy rights.  But "the
privilege protecting medical records from discovery is waived when the party places [his]
medical condition at issue."  *Hardy v. Scandinavian Airlines Sys.*, 2025 WL 416106, at *5
(E.D. La. Feb. 6, 2025) (collecting cases).

tailored to discover that information.

3

Amazon's subpoenas are not limited in the information they seek about Allen's medical history. Subpoenas that require production of documents that are not actually related to a claim or defense are looked upon with disfavor and, where feasible, are narrowed to exclude information that exceeds Rule 26(b)(1)'s scope. *See, e.g.*, *MC Trilogy Tex.*, 2023 WL 5918925, at *8 (declining to enforce third-party subpoena requiring production of "all" communications during time-bound period); *Williams*, 178 F.R.D. at 110 (narrowing third-party subpoena requiring production of "any and all" documents); *Ruiz*, 2024 WL 2982042, at *1, 5 (narrowing third-party subpoena requiring production of "all medical records" related to plaintiff). Given the nature of Allen's claims, Amazon may subpoena information related to his visual disability, his right leg injury and any resulting complications and similar previous injuries, and his mental or emotional condition. *See Barnett v. Stafford Transp. of La.*, 2020 WL 10314640, at *3 (E.D. Tex. Sept. 10, 2020) ("When a plaintiff places his medical condition at issue, a defendant may discover medical information related to that condition"); *Merrill*, 227 F.R.D. at 473 ("[S]everal courts have found that medical records are relevant to claims of mental anguish in discrimination cases."); *Parker v. Bill Melton Trucking, Inc.*, 2017 WL 6520779, at *4 (N.D. Tex. Feb. 2, 2017) (Toliver, J.) (permitting subpoena to cover medical records concerning past, similar injuries). But Amazon's subpoenas require that the three medical facilities produce "any and all medical records." D. App. (ECF No. 65-3) 34, 38, 42. Similar to the phrase "including

but not limited to," *id.*, this requirement, in the context of this case, is overbroad in its expansion of the scope of the subpoenas. *See Moncevais v. Herrick*, 2023 WL 4666612, at *2 (S.D. Tex. July 20, 2023) (subpoenas were facially overbroad where "including, but not limited to" preceded list of particular documents). Consequently, these subpoenas—which require the production of "any and all medical records"—"likely encompass many [documents] having absolutely nothing to do with" the issues in this case. *See Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F.Supp.3d 613, 620 (E.D. La. 2022).

The ten-year scope of the subpoenas, however, is permissible. Allen requests that the court modify the subpoenas to cover only the period of his employment with Amazon through one-year after his termination. The court concludes, however, that medical records from before this period may be relevant to his disability and whether he suffered from any pre-existing physical or emotional conditions that may have been the cause of his alleged injuries. *See, e.g., Cummins v. Lollar*, 2015 WL 12731746, at *2 (N.D. Tex. Jan. 5, 2015) (Cureton, J.) (explaining that access to plaintiff's past medical records allows defendant to "sufficiently evaluate[] . . . [t]he issue of any preexisting causes to Plaintiff's health issues"); *EEOC v. Eastbox LLC*, 2025 WL 41915, at *2 (E.D. Tex. Jan. 7, 2025) (similar). Moreover, courts in the Fifth Circuit have permitted subpoenas with similar ten-year scopes. *See, e.g., Barnett*, 2020 WL 10314640, at *3 (allowing discovery of ten years of medical records where plaintiff sought damages for "mental anguish, physical pain and suffering, disability, loss of enjoyment of life, and physical impairment"); *Hardy v. Scandinavian Airlines Sys.*, 2025 WL 416106, at *10 (E.D. La. Feb. 6, 2025) (modifying scope of subpoena to

encompass ten years of medical records).  Accordingly, the court denies Allen's request to modify the temporal scope of the subpoenas.[3]

4

Accordingly, the court modifies the subpoenas to limit their subject matter scope. Medical City, Parkland, and Concentra may be subpoenaed to produce medical records related to Allen's visual disability, his right leg injury and any resulting complications and similar previous injuries, and his mental or emotional condition.  So modified, the subpoenas will neither be overly broad nor intrusive.

Amazon is ordered to serve new subpoenas on Medical City, Parkland, and Concentra that are narrowed in compliance with this memorandum opinion and order, or to serve notices on Medical City, Parkland, and Concentra that, by court order, the subpoenas have been narrowed in accordance with this memorandum opinion and order.

IV

The court next considers Allen's request for a protective order.

A

This court "has broad discretion in determining whether to grant a motion for a protective order."  *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242 (N.D. Tex. 2016) (Horan, J.) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684

---

[3]In reply, Allen suggests that changing the start date of the subpoenas to 2019 would be an appropriate modification.  But Allen, as the movant, has not adequately "explained the significance of [this] cutoff date" that he proposes for the first time in his reply brief.  *See Stogner v. Sturdivant*, 2011 WL 4435254, at *6 (M.D. La. Sept. 22, 2011).

(5th Cir. 1985)).  Under Rule 26(c)(1), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Rule 26(c)(1).  The burden is on the moving party "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  "If a party maintains that a protective order is necessary to protect it from undue burden or expense, it 'must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2190190, at *3 (N.D. Tex. Feb. 23, 2023) (Fitzwater, J.) (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.)).

B

Allen maintains that, because the records contain highly sensitive health information, the court should (1) limit the scope of the medical records that the three medical facilities are permitted to produce to records related only to the medical conditions alleged in Allen's complaint, and (2) enter a protective order that requires that the produced records be kept confidential and used solely for this litigation.

C

The court need not address Allen's motion for a protective order that limits the subject matter scope of the records that the medical facilities are permitted to produce to the extent

- 13 -

it is mooted by the court's decision above to modify the scope of subpoenas. *See, e.g.*, *In re Venequip, S.A.*, 2022 WL 834780, at *1 n.1 (E.D. La. Mar. 21, 2022) (denying motion for protective order as moot where court granted motion to quash subpoena); *Alston v. Prarie Farms Dairy, Inc.*, 2017 WL 4274858, at *1 (N.D. Miss. Sept. 26, 2017) (same); *EEOC v. New Hanover Reg'l Med. Ctr.*, 2010 WL 4668957, at *1 (E.D.N.C. Nov. 9, 2010) ("Because the same issue is presented in both the motion to quash and the motion for protective order, the Court will address the merits through the motion for protective order and deny the motion to quash as moot.").

The court also denies Allen's request for a protective order designating his medical records as confidential. As an initial matter, it is not evident that Allen's concerns that the records contain highly sensitive health information (*e.g.*, HIV testing) remain given the court's decision to narrow the subject matter scope of the subpoenas. And regardless, Allen's thinly-supported assertion that, because the records contain highly sensitive health information he is entitled to a protective order, is insufficient. *See McCallum v. Camping World, Inc.*, 2020 WL 4558310, at *1 (W.D. Tex. Feb. 12, 2020) ("Although the Court recognizes that Plaintiff's medical records may contain 'private' information, that alone does not necessarily mean the proposed protective order is appropriate[.]" (footnote omitted)). This assertion does not involve a "particular and specific demonstration of fact" necessary to satisfy Allen's burden under Rule 26(c). *In re Terra Int'l, Inc.*, 134 F.3d at 306; *see Rummans v. HSBC Bank USA, Nat'l Ass'n*, 2024 WL 3635522, at *2 (N.D. Tex. May 28, 2024) (Rutherford, J.) ("[C]onclusory statements fall far short of the specific demonstration

of fact required to obtain a protective order.").

Accordingly, the court denies Allen's request for a protective order, in part on the merits and in part as moot.

V

The court now considers Allen's motion to compel discovery responses and require Amazon to withdraw its boilerplate objections.

A party's motion to compel must meet certain threshold requirements under Rule 37(a) in that it must

> attach a copy of the discovery requests at issue . . . and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.

*See Woolery v. Doty*, 2023 WL 416556, at *1 (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.) (quoting *Yang Kun "Michael" Chung*, 325 F.R.D. at 594).

Allen maintains that Amazon has responded with improper and boilerplate objections to his discovery requests. By and large, however, he does not adequately identify the discovery requests in dispute. *See id*. at *1 (denying motion to compel where plaintiff did not identify discovery requests that were at issue).

There are only two sets of discovery requests that Allen identifies with specificity.

- 15 -

He maintains that, in response to interrogatories 1, 3, and 5, Amazon referred him to a Disability and Leave Services ("DLS") file.[4]  Allen maintains that Rule 33 requires that Amazon "identify by Bates range or file name the documents containing each interrogatory's responsive information."  P. Br. (ECF No. 51) 6.  Yet to support this assertion, Allen cites a case that does not discuss Rule 33.  Moreover, he does not indicate that he is unable to locate or identify the information he seeks in the DLS file that Amazon produced during discovery.  *See* Rule 33(d).  Next, Allen identifies requests for production 7 through 17, in response to which Amazon allegedly produced an Owner's Manual.[5]  He maintains that an Owner's Manual that does not indicate "which sections correspond to which request fails [Rule 34(b)(2)(E)(i)]."  *Id.* at 7.  This contention is also unavailing.  Rule 34(b)(2)(E)(i) requires that "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request."  Rule 34(b)(2)(E)(i) (emphasis added).  Allen does not explain how the Owner's Manual qualifies as a document that must be organized and labeled.  Because Allen has not demonstrated how Amazon has responded insufficiently to his discovery requests, his motion to compel is denied.  *See Obinyan v. Prime Therapeutics LLC*, 2021 WL 135983, at *2 (N.D. Tex. Jan. 14, 2021) (Fitzwater, J.) (denying motion to compel where plaintiff failed to contend that responding party did not respond or insufficiently responded to discovery

---

[4]It appears that Amazon only referred Allen to the DLS file in response to interrogatory number 1.

[5]Amazon maintains that only its responses to requests for production 7, 14, 15, and 16 involve an Owner's Manual.

requests).[6]

\* \* \*

For the reasons explained, the court denies Allen's motion to compel, and grants in part and denies in part Allen's motion to modify subpoenas and for a protective order.

**SO ORDERED**.

December 23, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[6]Allen's remaining arguments are without merit.  For example, he requests that Amazon produce a privilege log, yet Amazon is not withholding documents on the basis of privilege.  He also references a non-existent standing order about electronic discovery.

- 17 -