IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL LOMBEH ALLEN,           §
                               §
            Plaintiff,         §
                               §
VS.                            §       Civil Action No. 3:24-CV-2846-D
                               §
AMAZON,                        §
                               §
            Defendant.         §

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which *pro se* plaintiff Samuel Lombeh Allen

("Allen") asserts federal- and state-law claims against his former employer, defendant

Amazon.  Amazon moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

on which relief can be granted, to compel Allen to cure deficient discovery production and

responses, and to continue various deadlines in this case.  For the reasons that follow, the

court grants Amazon's motion to continue, and grants in part and denies in part Amazon's

motions to dismiss and to compel.

I

The relevant background facts of this case are largely set out in a prior memorandum

opinion and order and need not be repeated at length for purposes of deciding Amazon's

pending motions.  *See Allen v. Amazon (Allen III)*, 2025 WL 3059629, at *1-2 (N.D. Tex.

Nov. 3, 2025) (Fitzwater, J.).  The court previously dismissed nearly all of Allen's claims for

failure to state a claim on which relief can be granted.  *See id.* at *8-9.  In his second

amended complaint, Allen asserts the following claims: violations of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2023); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 *et seq.*; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*  Allen also alleges a claim for common law negligence.  He seeks damages in the form of lost wages, front pay, lost benefits, and medical expenses; damages for physical pain, emotional distress, mental anguish, and loss of enjoyment of life; liquidated damages under the FMLA; punitive damages; and injunctive and declaratory relief.

Amazon moves to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  Amazon also moves, *inter alia*, to compel Allen to amend his responses to Amazon's interrogatories and requests for production ("RFPs"), to produce documents responsive to the RFPs, and to sign authorizations allowing Amazon to obtain Allen's medical records, employment records, and financial records.  Amazon also moves to extend various deadlines in this case for eight months.  Allen opposes the motions, which the court is deciding on the briefs, without oral argument.

II

The court begins by considering Amazon's Rule 12(b)(6) motion to dismiss.

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's second amended] complaint by 'accept[ing] all well-pleaded facts as true,

- 2 -

viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To overcome a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

Failure to exhaust administrative remedies is an affirmative defense.  *See, e.g.*, *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.) (Title VII exhaustion is an affirmative defense), *aff'd*, 689 Fed. Appx. 379 (5th Cir. 2017).  To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings."

- 3 -

*Sivertson v. Clinton*, 2011 WL 4100958, at \*2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).  In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has "pleaded [himself] out of court by admitting to all of the elements of the defense."  *Cochran v. Astrue*, 2011 WL 5604024, at \*1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at \*3).

B

Amazon maintains that Allen's discrimination claims under Title VII, the ADA, and the TCHRA are barred because he failed to exhaust his administrative remedies. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  "Exhaustion occurs when the plaintiff files a timely charge with the [Equal Employment Opportunity Commission ('EEOC')] and receives a statutory notice of right to sue."  *Id.* at 379.  Under Title VII and the ADA, a charge of discrimination must be filed within 300 days of the alleged discriminatory act.  *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).  And under the TCHRA, a charge of discrimination must be filed within 180 days of the unlawful employment practice.  *See* Tex. Lab. Code Ann. § 21.202(a).  Failure to exhaust administrative remedies is a non-jurisdictional affirmative defense.  *See, e.g.*, *Thomas v. McDonough*, 2024 WL 1319727, at \*2 (N.D. Tex. Mar. 26, 2024) (Scholer, J.).

The allegedly discriminatory acts underlying Allen's claims occurred between March 2021—when he began requesting accommodations—and August 2023—when he was

- 4 -

terminated.  Allen acknowledges that he did not file a timely charge of discrimination.  But he maintains that the deadlines should be equitably tolled because, during the limitations period, he experienced significant neurological and mobility complications.  Allen recovered in the beginning of November 2024, and, once recovered, he attempted to file a charge, but was notified that the time to file had expired.

The court concludes that Allen's discrimination claims under Title VII, the ADA, and the TCHRA are barred because of his failure to file a charge of discrimination.  "The equitable tolling doctrine applies to the limitations period for filing a charge" but "does not excuse an employee from the requirement of filing a charge and exhausting a claim." *Vlasek v. Wal-Mart Stores, Inc.*, 2008 WL 2937760, at *5 (S.D. Tex. July 22, 2008) (Rosenthal, J.) (collecting cases).  Even assuming that Allen's neurological and mobility complications tolled the limitations period, his allegation that he merely attempted to file a charge is fatal to his Title VII, ADA, and TCHRA claims.  *See id.*; *Russell v. Good Shepherd Med. Ctr.*, 2009 WL 2487108, at *2 (E.D. Tex. Aug. 12, 2009) ("Given that the plaintiff never filed a charge with the EEOC, this Court can find no exception to the statutory condition precedent under which plaintiff may be granted any equitable relief."); *Kerver v. Exxon Prod. Rsch. Co.*, 1986 WL 8872, at *3 (S.D. Tex. May 15, 1986) ("Plaintiff's claim must nevertheless be dismissed, because he failed to exercise reasonable diligence subsequent to the period of requested tolling.").  Moreover, the fact that someone told Allen that the time to file a charge had expired does not warrant further equitable tolling or excuse his failure to file.  *See Ramirez v. City of San Antonio*, 312 F.3d 178, 185 (5th Cir. 2002) (explaining that, for

equitable tolling to apply, the EEOC must have "affirmatively misled [plaintiff] about the nature of his rights, and thereby caused him to file his charge late"); *Hines v. Widnall*, 334 F.3d 1253, 1256-57 (11th Cir. 2003) (concluding that plaintiff's failure to file charge with the EEOC barred his claims even though he had attempted to file but was advised that he could not); *Hartnett v. Chase Bank of Tex. Nat'l Ass'n*, 59 F.Supp.2d 605, 611 n.8 (N.D. Tex. 1999) (Lindsay, J.) ("[T]he EEOC is not responsible for providing Plaintiff with accurate legal advice."). Accordingly, the court grants Amazon's motion to dismiss Allen's Title VII, ADA, and TCHRA claims based on the affirmative defense of failure to exhaust.[1]

C

Amazon contends that Allen has failed to state a plausible § 1981 claim. When a plaintiff alleges a § 1981 claim of race discrimination based on circumstantial evidence, as Allen does, the court can use the *McDonnell Douglas*[2] framework as a reference when determining whether the plaintiff has plausibly alleged the ultimate elements of his claim.

---

[1]Amazon also maintains that the court can consider Allen's medical records when assessing whether he failed to exhaust his administrative remedies. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court need not decide whether these records are referred to in Allen's second amended complaint and are central to his claims because his Title VII, ADA, and TCHRA claims are barred without considering these additional materials. *See Johnson v. Digital Fed. Credit Union*, 2025 WL 2773824, at *3 n.5 (N.D. Tex. Sept. 26, 2025) (Fitzwater, J.) (declining to consider whether documents appended to Rule 12(b)(6) motion were incorporated by reference for similar reasons).

[2]*McDonnell Douglas Co. v. Green*, 411 U.S. 792, 802 (1973).

- 6 -

*See Hopkins v. Wayside Schs.*, 2024 WL 3738478, at \*12 (5th Cir. Aug. 9, 2024) (per curiam).[3]  Under this framework, a plaintiff must sufficiently plead that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others similarly situated but outside his protected class were treated more favorably.  *See Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016).

Amazon contends for three reasons that Allen's § 1981 claim fails: first, because Allen has failed to allege that he was qualified for the position; second, because he has failed to allege an adverse employment action; and, third, because he has failed to allege that others similarly situated but outside his protected class were treated more favorably.

---

[3]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.").  To survive Amazon's motion to dismiss, however, Allen must plausibly plead the ultimate elements of his discrimination claim.  *See Chhim*, 836 F.3d at 470.  And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . .  claim." (quoting *Chhim*, 836 F.3d at 470-71)).

1

Allen has plausibly alleged that he was qualified for the position.  Amazon maintains that Allen lacked the physical capacity to work.  To support this contention, Amazon relies, in part, on factual allegations from Allen's amended complaint.  *See Woods v. STS Servs. LLC*, 2024 WL 4942382, at *2 n.5 (N.D. Tex. Dec. 2, 2024) (Fitzwater, J.) (explaining that the court only considers factual allegations included in the operative complaint).  According to his second amended complaint, Allen began working for Amazon in 2021 as a warehouse associate, he worked there for over two years, and, around the time he experienced the adverse employment actions related to his § 1981 claim, he was working well over 40 hours per week.  At this stage, these allegations are sufficient to plausibly plead that Allen was qualified for the position.  *See Okpalobi v. United Parcel Serv., Inc.*, 2025 WL 1115709, at *4 (E.D. La. Apr. 15, 2025) (concluding that plaintiff's allegation that defendant had "in fact hired [him] for the position" was sufficient at "the motion to dismiss stage" to establish that he was qualified (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

2

Next, Allen has plausibly alleged an adverse employment action.  Although he was ultimately terminated (which unquestionably is an adverse employment action), he premises his § 1981 claim on the denial of his accommodation requests.  Amazon maintains that the denial of accommodations does not constitute an adverse employment action.  To support this proposition, Amazon relies on *Bailey v. Twin Eagle Sand Logistics, LLC*, which concluded that "the denial of workplace accommodations is not an 'ultimate employment decision' that

- 8 -

can give rise to a claim of discrimination[.]" *Bailey v. Twin Eagle Sand Logistics, LLC*, 2023 WL 1170123, at \*6 (W.D. Tex. Jan. 30, 2023). But *Bailey* relies on out-dated precedent. After *Hamilton v. Dallas County*, a plaintiff no longer needs to identify an "ultimate employment decision" to establish an adverse employment action, but can instead show discrimination in the terms, conditions, or privileges of his employment. *See Hamilton v. Dallas County*, 79 F.4th 494, 497 (5th Cir. 2023) (en banc).[4] Under *Hamilton*, a plaintiff pleads an adverse employment action when he plausibly alleges "adversity and asserts a non-*de minimis* injury." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023) (per curiam). Here, Allen alleges that he was delayed or denied various accommodations for his leg. After Allen's leg injury, for example, he unsuccessfully requested light duty. Instead, he was required to perform his regular tasks on his injured leg for over one month, for well over 40 hours per week. Allen has plausibly pleaded adversity and a corresponding harm that is more than a mere "*de minimis* workplace trifle[]." *See Hamilton*, 79 F.4th at 505 (emphasis added); *Pauwels v. Allied Pilots Ass'n*, 2024 WL 628847, at \*2, 5 (N.D. Tex. Feb. 14, 2024) (O'Connor, J.) (concluding that denial of plaintiff's accommodation for scheduling flexibility and corresponding economic harm constituted an adverse employment action for her sex discrimination claim); *Liao v. Univ. of Tex. at San Antonio*, 2024 WL 4564278, at

---

[4]Although *Hamilton* involved only a Title VII claim, the Fifth Circuit has since applied *Hamilton* to a suit involving claims under Title VII and § 1981. *See Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 429 n.3 (5th Cir. 2023) (per curiam); *see also Malbrew v. A+ Charter Schs.*, 2024 WL 3906772, at \*9 (N.D. Tex. Aug. 22, 2024) (Brown, J.) (applying *Hamilton* to suit involving claims under Title VII and § 1981).

*9 (W.D. Tex. Oct. 23, 2024) (explaining that, after *Hamilton*, being "placed in a 'disadvantageous' situation" likely constitutes an adverse employment action).

3

Finally, Allen has plausibly pleaded that he was treated less favorably than other similarly situated employees outside his protected group. Allen is obligated to "identify at least one similarly situated coworker outside his protected class who was treated more favorably under nearly identical circumstances." *Hopkins*, 2024 WL 3738478, at *12 (internal quotation marks omitted) (citation omitted). He has done so. Allen alleges that he injured his right leg, promptly requested light duty that was not approved, was delayed or denied his request to work away from corridors with high powered machinery, and was issued heightened attendance points during his recovery. His second amended complaint identifies a non-Black coworker who injured her knee, was promptly approved for light duty, was stationed away from lanes with high powered machinery, and had her attendance points suspended during her recovery. Moreover, Allen's proffered comparator is alleged to have worked under the same operations manager and supervisor, worked at the same fulfillment center, held the same title, and possessed similar responsibilities. These factual allegations enable the court to draw the reasonable inference that Allen's non-Black comparator was treated more favorably under nearly identical circumstances. *Cf. Turner v. City of Dallas*, 2023 WL 8816400, at *3 (N.D. Tex. Dec. 19, 2023) (Godbey, C.J.) (dismissing discrimination claim where plaintiff did not allege that comparator "held the same job, had

the same responsibilities, or reported to the same supervisor as herself").[5]   And the differences that Amazon identifies between Allen and his proffered comparator's medical conditions and requested accommodations are better addressed at a later procedural stage, such as by motion for summary judgment. *See Legacy Equity Advisors, LLC v. AT&T, Inc.*, 2023 WL 6049753, at \*6 (N.D. Tex. Sept. 15, 2023) (Fitzwater, J.) ("At the motion to dismiss stage, the court does not conduct an in-depth analysis of whether the plaintiff's alleged comparators are actually 'similarly situated'; rather, the plaintiff 'need only plausibly allege facts going to the ultimate elements of the [§ 1981] claim.'" (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)); *Gilani v. Univ. of Tex. Sw. Med. Ctr.*, 2023 WL 2518811, at \*8 (N.D. Tex. Mar. 13, 2023) (Godbey, C.J.) (concluding the same).

4

Because Allen has plausibly alleged that he was qualified for the position, experienced an adverse employment action, and was treated less favorably than his similarly situated non-Black comparator, the court denies Amazon's Rule 12(b)(6) motion to dismiss his § 1981 claim.

---

[5]Allen identifies two other potential comparators. The court need not address whether Allen and these comparators are similarly situated given that Allen's § 1981 claim survives past the pleading stage based on the comparator discussed above. *See Hopkins*, 2024 WL 3738478, at \*12.

D

The court next considers Amazon's motion to dismiss Allen's FMLA interference claim. "To prove an interference claim, a plaintiff 'must at least show that [the defendant] interfered with, restrained, or denied [his] exercise or attempt to exercise FMLA rights, and that the violation prejudiced [him].'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (alterations in original) (quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 770 (5th Cir. 2015)).

Amazon maintains that Allen raises only one theory in support of his FMLA interference claim: that Amazon improperly "deducted paid and vacation time." D. Br. (ECF No. 74) 20. According to Amazon, the law permits employers to substitute paid leave for leave provided under the FMLA. Allen responds that Amazon not only "deducted [his] leave and vacation time," but also counted his FMLA absences "toward discipline." P. Resp. (ECF No. 77) 14.

Amazon is correct that employers are permitted to substitute paid leave for FMLA leave. To the extent that Allen's FMLA interference claim arises out of Amazon's decision to substitute his paid leave for FMLA leave, this claim fails. *See Turner v. Bd. of Supervisors of Univ. of La. Sys.*, 644 F.Supp.3d 221, 227 (E.D. La. 2022) ("Employers are allowed to require employees to substitute accrued paid sick leave for unpaid FMLA leave."). But Allen also alleges that Amazon interfered with his rights under the FMLA because it "counted [his] protected absences toward discipline." Compl. (ECF No. 68) ¶ 58; *see Martin v. Penske Logistics, LLC*, 736 F.Supp.3d 437, 449 (N.D. Tex. 2024) (Boyle, J.) (explaining that

- 12 -

interference under the FMLA includes "using an employee's taking of FMLA leave as a negative factor in employment actions" or "counting FMLA leave under no fault attendance policies" (internal quotation marks omitted) (citation omitted)).  Amazon does not contend that Allen's FMLA interference claim fails on this alternative theory.  Because Amazon does not move to dismiss Allen's FMLA interference claim that arises out of this alternative theory, the court declines to grant Amazon's motion to dismiss this claim.

E

Amazon also moves to dismiss Allen's FMLA retaliation claim.  To plausibly allege a claim for FMLA retaliation, a plaintiff must plead that (1) he was protected under the FMLA; (2) he suffered an adverse employment action; and (3) he was treated less favorably than an employee who had not requested leave under the FMLA, or the adverse decision was made because he sought protection under the FMLA.  *Mauder v. Metro. Transit Auth. of Harris County Tex.*, 446 F.3d 574, 583 (5th Cir. 2006).

Amazon maintains that Allen's retaliation claim fails because he has not established a causal link between his request for FMLA leave and his termination.  According to Amazon, Allen has failed to allege that he was treated less favorably than an employee who did not request FMLA leave, and he has failed to establish that the temporal proximity between his requests for FMLA leave and his termination were sufficiently close.

The court concludes that Allen has pleaded a plausible FMLA retaliation claim.  Allen has not alleged that he was treated less favorably than an employee who did not request leave under the FMLA.  The very close timing, however, between Allen's last request for FMLA

- 13 -

leave and his termination is sufficient to plausibly allege a causal connection. *See Besser v. Tex. Gen. Land Off.*, 834 Fed. Appx. 876, 884 (5th Cir. 2020) (per curiam) (explaining that very close temporal proximity alone can suffice "to establish causation in a prima facie case of [FMLA] retaliation"). Allen alleges that he requested FMLA leave on March 8, April 12, May 10, June 6, and July 25, 2023, and that Amazon terminated him on August 3, 2023. Amazon maintains that the five month lapse between his first request in March and his termination in August is not close enough to establish a causal connection. Although that is correct, Amazon does not explain why the court can only look to the date Allen first requested FMLA leave. *See Roberts v. Fla. Gas Transmission Co.*, 447 Fed. Appx. 599, 602 (5th Cir. 2011) (per curiam) (considering whether there was a causal connection between plaintiff's termination and his first and second requests for FMLA leave). The nine day period that elapsed between his last request for FMLA leave and his termination is sufficiently close to establish a causal connection. *See Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 708 (5th Cir. 2004) (per curiam) (concluding that 15 day lapse between protected activity and termination was sufficiently close to establish prima facie case of retaliation); *Roth v. Canon Sols. Am., Inc.*, 2019 WL 4597583, at *9 (N.D. Tex. Sept. 23, 2019) (Rutherford, J.) (concluding that "less than one month" is "close enough temporal proximity . . . that a legal inference of a causal connection . . . arises"). Thus the court denies Amazon's motion to dismiss Allen's FMLA retaliation claim.

- 14 -

F

The court now turns to Allen's common law negligence claim. "A state law claim is preempted by a federal [or state] statute when the 'gravamen of a plaintiff's complaint is of the type of wrong that the statutory remedy was meant to cover.'" *McNeill v. Tyson Fresh Meats, Inc.*, 2023 WL 8532408, at *12 (N.D. Tex. Dec. 8, 2023) (Kacsmaryk, J.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808-09 (Tex. 2010)); *see also McReynolds v. Bell Textron, Inc.*, 2023 WL 2432916, at *4 (N.D. Tex. Feb. 2, 2023) (Ray. J.) (concluding that tort claim was preempted because it arose out of the same facts as plaintiff's discrimination claims), *rec. adopted*, 2023 WL 2432028 (N.D. Tex. Mar. 9, 2023) (O'Connor, J.). Amazon contends that Allen's ADA and TCHRA claims preempt his negligence claim because they are premised on the same set of facts.

The court concludes that Allen's negligence claim is preempted. This claim arises out of Amazon's failure to remove objects in the blind pathway and provide cones, tape, or signage for the path. Likewise, Allen's ADA and TCHRA claims arise, in part, out of Amazon's failure to reasonably accommodate Allen's requests to remove objects in the blind pathway and provide cones, tape, or signage for the path. Because Allen is unable to identify a "separate set of facts" distinct from those supporting his ADA and TCHRA claims "on which he may stake a negligence claim," his negligence claim is preempted. *See Light v. Pepperidge Farm, Inc.*, 2024 WL 1703714, at *2 (N.D. Tex. Apr. 19, 2024) (Pittman, J.); *Grant v. Amazon.com Servs. LLC*, 2025 WL 1886766, at *7 (N.D. Tex. June 18, 2025) (McKay, J.) (explaining that plaintiff's discrimination claim preempted his tort claim unless

- 15 -

there were additional facts unrelated to his discrimination claim that would support his tort claim), *rec. adopted*, 2025 WL 1885653 (N.D. Tex. July 7, 2025) (Starr, J.); *Waffle House, Inc.*, 313 S.W.3d at 799 (concluding that TCHRA preempted negligence claim because "the alleged negligence is rooted in facts inseparable from those underlying the alleged harassment").[6]  Accordingly, the court grants Amazon's motion to dismiss Allen's negligence claim.[7]

G

In his response brief, Allen requests leave to amend.  The court has partially granted Amazon's Rule 12(b)(6) motion to dismiss.  "[T]he court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead[.]" *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005)).  And as a *pro se* plaintiff, Allen should be given a fair opportunity to plead his best case.  *See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to

---

[6]The fact that Allen's ADA and TCHRA claims are barred due to his failure to exhaust does not negate their preclusive effect.  In fact, a tort claim can be barred regardless of whether a statutory claim is actually asserted.  *See Wiggins v. St. Luke's Episcopal Health Sys.*, 517 Fed. Appx. 249, 252 (5th Cir. 2013) (per curiam) (concluding that TCHRA may bar tort claim "regardless of whether the plaintiff brings an action under the Act"); *see also Grant*, 2025 WL 1886766, at *7 (same).

[7]The court reached the opposite conclusion in *Allen III*, but it did so because the negligence claim in Allen's amended complaint arose out of a different set of facts from those giving rise to his discrimination claims.  *See Allen III*, 2025 WL 3059629, at *8

dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*.").

Even so, the court has already granted Allen two opportunities to amend his complaint. And the deficiency that the court has identified with the bulk of Allen's claims that are being dismissed cannot be cured, regardless how many more opportunities he is given to replead. *See Mueblas-Curtis v. Am. Airlines, Inc*, 2025 WL 3022852, at \*10 (N.D. Tex. Oct. 29, 2025) (Fitzwater, J.) (declining to permit plaintiff to replead Title VII claim because "she has failed to exhaust this claim and she cannot cure this failure no matter how many more tries she is given to replead this claim"). Accordingly, the court declines to grant Allen leave to amend. *See, e.g.*, *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (concluding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs an opportunity to do so).

## III

The court now turns to Amazon's motion to compel.

## A

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(1). And Rule 37 provides that a party seeking discovery can move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34 or to answer interrogatories under Rule 33. Rule 37(a)(3)(B)(iii)-(iv).

As the party opposing Amazon's motion to compel, Allen bears the burden of proof. *See Ruiz v. Home Depot U.S.A., Inc.*, 2023 WL 6166467, at \*2 (N.D. Tex. Sept. 21, 2023) (Fitzwater, J.). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *See Gondola v. USMD PPM, LLC*, 223 F.Supp.3d 575, 578 (N.D. Tex. 2016) (Horan, J.) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

Amazon moves to compel Allen to verify his answers to Amazon's interrogatories; to amend his responses to Interrogatories Nos. 1, 2, 6, 9, 10, 13, and 17; to amend his responses and produce documents responsive to RFPs Nos. 1-19, 21, 23-44, 47, 50-51, and 54-58; and to sign the authorizations associated with RFPs Nos. 45-46 and 48-49. Amazon also requests that the court award it attorney's fees and costs associated with preparing the motion to compel.

B

Amazon maintains that Allen has not provided sworn verifications for all of his interrogatory answers. Rule 33(b)(3) requires that Allen answer interrogatories under oath

to the extent he has not objected to them. *See* Rule 33(b)(3). Allen provided supplemental responses to Interrogatories Nos. 1-7, 9-11, 13-14, and 16-19 that are compliant with this requirement. But Allen has not similarly answered Amazon's other interrogatories under oath. Accordingly, Allen must cure the Rule 33(b)(3) deficiency by answering the non-compliant responses under oath. *See Samsung Elecs. Am., Inc. v. Yang Kun "Michael" Chung*, 321 F.R.D. 250, 282, 293 (N.D. Tex. 2017) (Horan, J.) (requiring respondent to comply with Rule 33(b)(3)'s "'under oath' requirement" because interrogatories must, to the extent objections are not raised, be answered under oath).

C

Interrogatory No. 1 requests that Allen identify each person he communicated with regarding the allegations in his complaint. Amazon maintains that Allen's response is deficient because he only identified a few individuals by name and referred to general groups of people. Allen responds that Amazon's request is unlimited in scope.

Allen has failed to carry his burden. Interrogatory No. 1 is limited to identifying communications regarding Allen's allegations. The court therefore grants Amazon's motion to compel. Allen must provide an amended response that fully answers this interrogatory. *See Ayangbile v. Children's Health Servs. of Tex.*, 2025 WL 1182089, at *6 (N.D. Tex. Apr. 22, 2025) (Godbey, C.J.) (requiring plaintiffs to amend their interrogatory response to "include a list of the names [] of people they have spoken with about the allegations in the complaint").

D

Interrogatory No. 2 requests that Allen identify his efforts to obtain employment after Amazon terminated him. The interrogatory asks him to identify the name, address, and telephone number of each person, business, or entity he sought employment with, the position applied for, the salary range, the date of each application, and the result of each application. Amazon maintains that Allen has not provided this information. For example, in response to Interrogatory No. 2, Allen states that he had applied to "several other jobs," but he does not provide any further information about those jobs. D. App. (ECF No. 79-7) 98. Allen responds that requiring him to provide additional information exceeds the scope of discovery and that he cannot fabricate non-existent records. Allen has failed to carry his burden.

He has not shown how this request exceeds the permissible scope of discovery. Moreover, Allen's conclusory assertion that he cannot fabricate non-existent records does not adequately explain why he cannot provide more detail about the employment opportunities he pursued—regardless whether the information is derived from records or from his memory. *Cf. Kleppinger v. Tex. Dep't of Transp.*, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) ("Courts have interpreted [Rule 33(b)(3)] to mean that it is technically improper and unresponsive for an interrogatory to refer to outside material[.]" (internal quotation marks omitted) (citations omitted)). The court grants Amazon's motion to compel and orders Allen to provide an amended answer that fully responds to Interrogatory No. 2.

- 20 -

E

Interrogatory No. 6 requests that Allen identify communications concerning his factual allegations.   In his response to Interrogatory No. 6, Allen identifies various communications that relate to his factual allegations.  Amazon contends that it is unable to locate any of these communications among the documents that Allen has produced.

A party's motion to compel must meet certain threshold requirements under Rule 37(a).   For example, a motion to compel must explain "how a response or answer is deficient." *Woolery v. Doty*, 2023 WL 416556, at *1 (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.) (quoting *Yang Kun "Michael" Chung*, 325 F.R.D. at 590).  Amazon fails to satisfy this threshold requirement.  Amazon does not explain how its inability to locate the documents that Allen has identified indicates that his response to the interrogatory is deficient. *Cf.* Rule 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing under oath.").  Accordingly, the court denies Amazon's motion to compel Allen to amend his response to Interrogatory No. 6.

F

Interrogatory No. 9 requests that Allen identify the disabilities on which he bases his claims and identify each medical professional who treated, examined, or provided a diagnosis or opinion related to those disabilities.  Amazon maintains that Allen's response is deficient because he provided an incomplete list of his disabilities and did not identify any of the medical professionals who treated his disabilities.   Allen responds that he disclosed his disabilities and medical providers.

- 21 -

The court concludes that Allen's response is deficient. Allen identifies several disabilities that he contends are relevant to his suit, but he concludes the list with "etc.," suggesting that the list is not exhaustive. *See* D. App. (ECF No. 79-7) 100. He does not provide specific reasons for why a complete account of the disabilities underlying his claims would exceed the permissible scope of discovery. And he has failed to identify with specificity the medical professionals who treated or examined him, or who provided a diagnosis or opinion related to his alleged disabilities. The court grants Amazon's motion to compel and orders Allen to provide an amended response that fully answers Interrogatory No. 9.

G

Interrogatory No. 10 requests that Allen identify each physician, psychologist, psychiatrist, therapist, counselor, or other health care provider whom he consulted with or from whom he received an examination, treatment, or an opinion or diagnosis since April 1, 2015. In his answer to Interrogatory No. 10, Allen states that he will identify these medical professionals, but only the ones who treated his physical, psychological, and emotional conditions related to the claims in this suit. Amazon does not address Allen's proposed limitation to the scope of the interrogatory; rather, it contends that Allen's response is deficient. Allen responds that he has identified his medical providers.

Allen's response is deficient. His answer to Interrogatory No. 10 does not provide identifying information for any medical provider. Moreover, Allen does not explain why this interrogatory should be limited in the manner he proposes. The identities of the medical

providers who treated Allen over the past ten years may, for example, be relevant to whether Allen suffered any pre-existing physical or emotional distress, unrelated to the conditions at issue in this suit, that may be the cause of his damages. *See Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004) (explaining that, because plaintiffs placed their emotional conditions at issue, defendant was entitled to discover "information pertaining to any mental or physical conditions which could have led to the claimed damages, including conditions which preexisted the employment period at issue"). Accordingly, the court grants Amazon's motion to compel and orders Allen to provide an amended response that fully answers Interrogatory No. 10.

H

Interrogatory No. 13 requests that Allen identify all social media accounts that he has used since his employment with Amazon. RFP No. 55 requests that Allen produce a copy of each post that he, or any other person, has made to his social media accounts from the start of his employment with Amazon to the present. Allen objects to these discovery requests as overbroad and an invasion of his privacy.

"Generally, [social networking site] content is neither privileged nor protected by any right of privacy." *Gondola*, 223 F.Supp.3d at 591 (alteration in original) (quoting *Johnson v. PPI Tech. Servs., L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013)). "But neither do courts generally endorse an extremely broad request for all social media site content." *Id.* Interrogatory No. 13 is not overbroad: it merely requests that Allen identify the social media accounts that he has used since he began working at Amazon. *See Scott v. U.S. Postal Serv.*,

- 23 -

2016 WL 7440468, at \*5 (M.D. La. Dec. 27, 2016) (requiring that plaintiff identify all social media accounts that he has used since the events underlying the suit occurred); *Baxter v. Anderson*, 2016 WL 4443178, at \*3 (M.D. La. Aug. 19, 2016) (same).  RFP No. 55, however, is overbroad, because it requests that Allen produce copies of each social media post that he made, or that another person made to his social media accounts since he started working at Amazon.  Amazon is not entitled to this degree of access to Allen's social media.  *See Ayangbile*, 2025 WL 1182089, at \*5 (declining to permit defendant to access "each social media post the [plaintiffs'] made, or that another person made to their social media pages" that were unrelated "to the allegations in the complaint").  Accordingly, the court grants Amazon's motion to compel with respect to Interrogatory No. 13, but denies it with respect to RFP No. 55.  Allen must provide an amended answer that fully responds to Interrogatory No. 13.

I

Interrogatory No. 17 asks Allen to provide information related to each accommodation he needed or requested during his employment with Amazon.  Amazon maintains that Allen's answer to this interrogatory is only partially responsive because it fails to identify when he requested each accommodation, his bases for requesting each accommodation, and the name and job title of the person from whom he requested the accommodation.  Allen responds that his supplemental response to Interrogatory No. 17 cured this defect and that requiring him to provide further information is overbroad.

Allen has not met his burden.  His supplemental response does not cure the defects

that Amazon has identified.  And Allen has not come forward with specific information that shows how this request is overbroad.  *See Ruiz*, 2023 WL 6166467, at \*5 (concluding that defendant's complaint that interrogatory was overbroad was not adequate to voice a successful objection).  The court grants Amazon's motion to compel and orders Allen to provide an amended answer that fully responds to Interrogatory No. 19.

J

In response to RFPs Nos. 1-19, 21, 23-40, 42-44, 50-51, and 56-58, Allen states that he has produced, or will produce, the requested documents.  Amazon maintains that Allen has failed to produce documents responsive to these RFPs.  And, Amazon adds, to the extent that Allen has produced documents responsive to these RFPs, he has not adequately identified which documents correspond to each request, references non-existent Bates numbers, or references documents that are responsive to the wrong RFP.  Allen responds that he has produced the relevant documents, he cannot produce non-existent documents, and his supplemental responses cure any issues.

The court finds Allen's explanations to be inadequate.  His response to Amazon's motion to compel does not adequately identify the documents he contends are responsive to Amazon's requests.  Allen's conclusory assertion that he cannot produce non-existent documents, likewise, is insufficient.  *See Coleman v. Cedar Hill Indep. Sch. Dist.*, 2022 WL 1470957, at \*5 (N.D. Tex. May 10, 2022) (Fitzwater, J.) (explaining that, if no responsive documents exist, party resisting discovery must so state with "sufficient specificity").  Moreover, his supplemental responses to the RFPs fail to cure the issues that Amazon has

- 25 -

identified because they cite to Bates numbers associated with documents that have not been provided to the court or offer to produce documents that are non-responsive to the relevant RFP.

To resolve this issue, Allen must provide amended responses to RFPs Nos. 1-19, 21, 23-40, 42-44, 50-51, and 56-58 that identify, by Bates number, the documents that are responsive to each request. *See Steadfast Ins. v. Golden Rests., Inc.*, 2009 WL 1683605, at *3 (N.D. Tex. June 16, 2009) (Kaplan, J.) (requiring defendant to "identify documents responsive to each request by Bates-label number" where parties disagreed as to whether defendant had produced documents responsive to plaintiff's RFPs). If there are identified responsive documents that have not yet been produced, Allen must produce them. And if no responsive documents exist, Allen must state this with specificity in his amended responses. *See Coleman*, 2022 WL 1470957, at *5.

K

RFP No. 41 requests that Allen produce "all medical records . . . evidencing any medical treatment, counseling, or care that [Allen] received or sought since April 1, 2015 to the present." D. App. (ECF No. 79-2) 30.[8] RFP No. 45 requested that Allen authorize any

---

[8]When discussing RFP No. 41, Amazon groups its discussion of this request with RFPs Nos. 23, 39, and 40. In his supplemental response to RFPs Nos. 23, 39, and 40-41, Allen states that he will produce medical records that are responsive to RFPs Nos. 23, 39, and 40, each of which is limited in scope to records related to the conditions Allen placed at issue in this suit. Yet Allen objects to the scope of RFP No. 41. Because the parties dispute the scope of RFP No. 41—rather than merely whether Allen has fully responded to it, as with the other RFPs he grouped it with—the court addresses RFP No. 41 separately.

and all health care providers to provide Amazon with his medical records and data over the past 10 years. Allen responded that he would be willing to produce medical records and sign an authorization limited in scope to records related to the conditions he alleges in his complaint. He contended that production beyond that scope would not be proportionate to the needs of this case.

Allen has not met his burden to show that Amazon's requests are disproportionate. With RFP No. 41, Allen maintains that he has already produced over a thousand pages of medical records. He does not, however, provide any of these documents to the court or refer to them by Bates number such that the court can adequately assess whether the challenged RFP is disproportionate. Moreover, with RFP No. 45, Allen merely asserts that this release is unnecessary. Because Allen's objections are inadequate, the court grants Amazon's motion to compel Allen to produce medical records responsive to RFP No. 41 and to sign RFP No. 45's authorization to release medical records. *See Stogner v. Sturdivant*, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011) ("[W]here a plaintiff's physical or mental health has been placed at issue . . . the defendant is entitled to explore the truth of the plaintiff's allegations that he/she suffered physical or emotional distress as a result of the defendants' conduct and to determine whether the plaintiff suffered any pre-existing physical or emotional distress that may be the (or an) actual cause of his/her emotional distress."); *Balcacer v. Sam's E. Club Inc*, 2020 WL 1934851, at *2 (S.D. Tex. Apr. 22, 2020) (finding that because plaintiff "squarely put his medical condition at issue," defendant was "entitled

to seek medical information relating to his recent and any past injuries").[9]

L

RFP No. 46 requests that Allen sign an authorization to release his employment records. The release is not limited in temporal scope. In his response to RFP No. 46, Allen provided that he would be willing to sign an authorization that was limited to his employment records after Amazon terminated him. Amazon maintains that it would be improper to limit the scope of the release. According to Amazon, Allen's prior and subsequent employment records are necessary for it to investigate his mitigation of damages, disclosure of alleged disabilities, and pre-existing injuries. Allen responds that this authorization is broad and risks yielding irrelevant information.

The court holds that Amazon is entitled to compel Allen to sign an authorization to release his employment records. Allen has not provided specific information as to how the authorization is impermissibly broad or what irrelevant information his employment records from before his time with Amazon may contain. *See McLeod*, 894 F.2d at 1485 (explaining that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection").

---

[9]Allen also asserts that these RFPs infringe upon his privacy. Yet "[c]ourts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records." *Stogner*, 2011 WL 4435254, at *5 (collecting cases). Accordingly, Allen's privacy objection with respect to his medical records is unavailing. *See id.*

- 28 -

Because Allen has not met his burden, the court grants Amazon's motion to compel with respect to the authorization to release employment records.

M

RFP No. 47 requests that Allen produce tax returns, with all attachments, that he filed for the years 2020 to the present. RFP No. 48 requests that he authorize Amazon to obtain copies of his tax returns from the IRS for the years 2018 to the present. Allen maintains he has already produced his tax returns for the years 2020 through 2024. Amazon responds that, since the filing of its motion to compel, Allen has provided it with incomplete and unsigned tax returns for the years 2020 to 2023, with no W-2 or 1099 forms attached.

Because Allen is seeking compensatory damages for lost wages, his tax returns from the year he began working at Amazon to the present are relevant to this suit. *See Gondola*, 223 F.Supp.3d at 588; *Williams v. U.S. Env't Servs*, 2016 WL 684607, at *2 (M.D. La. Feb. 18, 2016). Allen does not contest this, as evidenced by his willingness to produce his tax returns from 2021, when he began working at Amazon, through the present.

Amazon also requests that Allen produce his tax returns for the year 2020 and sign an authorization form permitting Amazon to obtain his tax returns dating back to 2018. But Allen's "earnings prior to [his] employment with [Amazon] are not relevant to [his] cause[s] of action." *Williams*, 2016 WL 684607, at *2. Although Allen is the party resisting discovery, courts "generally require a threshold showing of relevance to compel disclosure of tax information," given that the documents contain "highly sensitive" information. *McElvy v. Sw. Corr., LLC*, 2022 WL 1050312, at *2 (N.D. Tex. Apr. 7, 2022) (Godbey, J.).

- 29 -

The only argument Amazon advances for the relevance of Allen's tax information from before 2021 is related to his mitigation efforts—that these pre-2021 tax returns are necessary for "comparison purposes since [Allen] contends his blindness limits his ability to obtain employment." D. Br. (ECF No. 78) 14. Yet Amazon does not identify where Allen contends that his blindness limits his ability to obtain employment.[10] And in any event, a plaintiff's past wages are typically not relevant to a mitigation analysis. *See, e.g.*, *Boehms v. Crowell*, 139 F.3d 452, 460 (5th Cir. 1998) ("[O]ur focus in a mitigation analysis—and the base from which all comparisons about whether 'reasonable efforts' to obtain comparable work are made—must be the employment position with respect to which discrimination occurred.").

The court acknowledges, however, that Allen has attempted to produce a tax return for the year 2020, the year before he began working at Amazon. Because Allen is willing to provide his tax return for the year 2020, the court will permit Amazon to obtain this information. *See Tosoh Corp. v. Dental Direkt GmbH*, 2025 WL 3562737, at *2 (E.D. Tex. Dec. 12, 2025) (explaining that defendant's "representation that it will produce the requested documents may be taken as an implicit admission that the requested information is relevant" and mitigates concerns regarding undue burden). Accordingly, Allen must either provide complete copies of his tax returns from 2020 to the present, or, in the alternative, must authorize Amazon to obtain his tax returns from 2020 to the present. *See Perez v. Trylon Mfg. Co. Ltd*, 2011 WL 13128823, at *3 (N.D. Tex. Aug. 4, 2011) (Stickney, J.) (requiring

---

[10]In response to Interrogatory No. 2, Allen explains that his leg injury, brain malfunction, and slow recovery have limited his ability to work.

- 30 -

plaintiff to either execute authorization form or produce tax returns).

Turning to RFP No. 49, this authorization form permits the Social Security Administration to release Allen's earning information to Amazon. Allen maintains that authorizing Amazon to obtain his earning information would be cumulative of the information that Amazon may obtain via his tax returns.[11] The court agrees.

Amazon asserts that this authorization would allow it to obtain information about Allen's wage history and the mitigation of his damages. But this information is within the scope of the RFPs related to Allen's tax returns. The court therefore denies, without prejudice, Amazon's motion to compel with respect to RFP No. 49. *See Coleman*, 2022 WL 1470957, at \*4 (declining to require plaintiff to produce documents that are "likely duplicative" of documents that defendant will be able to obtain through other discovery). If Amazon can demonstrate that certain relevant documents cannot be obtained through the other RFPs, it may request that Allen produce these specific additional documents or authorize Amazon to obtain them.

N

RFP No. 54 requests that Allen produce all documents or statements that he believes constitute evidence of any admission or statement against Amazon. Amazon maintains that

---

[11]This release also requests that Allen authorize Amazon to obtain his earning information dating back to 2018. But for the same reasons that the court concluded that his tax returns dating back to 2018 are not relevant, it likewise concludes that his earning information from the period before his employment at Amazon is not relevant. *See Williams*, 2016 WL 684607, at \*2.

Allen has asserted boilerplate objections in response to RFP No. 54. Allen responds that this request is overbroad and that he cannot produce non-existent documents.

Allen has not met his burden. To succeed on his objection that this request is overbroad, Allen "must make specific arguments, supported by evidence, that show why the request would impose a burden and why that burden is out of proportion to the needs of the case." *See Alt Platform, Inc. v. Beckett Collectibles, LLC*, 2025 WL 836049, at *3 (N.D. Tex. Mar. 17, 2025) (Godbey, C.J.) (citing Rule 34(b)(2)(B)). Allen has failed to do so. *See id.* (overruling plaintiff's burden objection where it merely contended that the discovery request was vague, burdensome, and called for documents not in his possession). Moreover, Allen's conclusory assertion that he cannot produce non-existent documents is inadequate. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (Horan, J.) (explaining that "if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence" (citation omitted)). Accordingly, the court grants Amazon's motion to compel, and orders Allen to produce documents responsive to RFP No. 54. If no such documents exist, Allen must state this in an amended response with sufficient specificity.

## O

Amazon also requests an award of attorney's fees and costs under Rule 37. Rule 37(a)(5)(C) provides that, if a motion to compel is "granted in part and denied in part," the court may "apportion the reasonable expenses for the motion." Rule 37(a)(5)(C). Amazon

- 32 -

maintains that it is entitled to an award because Allen failed to disclose relevant information and interfered with Amazon's ability to prepare its defense, and Amazon attempted to confer with Allen multiple times before filing this motion. Allen responds that an award would be improper because his responses to Amazon's discovery requests were substantially justified and he is proceeding *pro se*.

Under these circumstances, the court concludes that the parties should bear their own fees and expenses. *See Huang v. Big Data Supply Inc.*, 2021 WL 4816827, at *7 (C.D. Cal. Aug. 12, 2021) (declining to award expenses where plaintiff was proceeding *pro se*, provided deficient responses, and this was defendant's first motion to compel); *People's Cap. Leasing Corp. v. Mcclung*, 2017 WL 8181529, at *3 (W.D. Tex. Sept. 22, 2017) (similar).

P

The court grants in part and denies in part Amazon's motion to compel. Allen must provide Rule 33(b)(3) verifications and amended answers, make the productions, and sign the authorizations required by this memorandum opinion and order no later than 28 days after it is filed.

IV

The court now turns to Amazon's motion to continue various deadlines in this case.[12]

---

[12]On February 23, 2026 the court vacated the January 30, 2026 deadline for completion of discovery, the March 6, 2026 deadline for summary judgment motions, the March 6, 2026 deadline for motions not otherwise covered, and the June 15, 2026 trial docket setting.

A

Amazon requests an eight month extension for all outstanding deadlines.  At the time Amazon filed its motion, the deadlines for completion of discovery, for summary judgment motions, and for motions not otherwise covered were still in place.  Amazon also requests an eight month continuance of the trial setting.

B

Rule 16(b)(4) governs a party's request to modify a scheduling order.  *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.).  "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent."  *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *Cartier*, 2009 WL 614820, at *2).  The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).  In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."  *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (citation omitted).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side."  *EEOC v. Serv.*

- 34 -

*Temps, Inc.*, 2009 WL 3294863, at \*3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

C

The court first considers Amazon's explanation. Amazon asserts that it could not comply with the discovery deadline in the scheduling order because, *inter alia,* of Allen's failure to timely produce all requested documents and respond fully to all interrogatories. It maintains that Allen will need time to cure these discovery deficiencies and that Amazon will need time to acquire the third-party records that Allen authorizes it to obtain.

The court next considers the importance of the modification. Amazon asserts that the modification is important because the delay caused by Allen's inadequate discovery responses has delayed its ability to take his deposition. Amazon maintains that it will be better prepared for this deposition after Allen has produced the anticipated information. Furthermore, given that the court is partially granting Amazon's motion to compel, it must allow time for the parties to carry out the procedures provided for under the court's ruling.

The court also considers the potential prejudice that Amazon's requested modification would cause. Amazon asserts that any prejudice to Allen in granting the modification will be minimal because the discovery issues could have been avoided had Allen "complied with his discovery obligations in the first instance." D. Br. (ECF No. 80) 6. Allen responds that an eight month extension of the deadlines would "inflat[e] costs" and risk "evidence loss." P. Resp. (ECF No. 84) 5.

Finally, the court considers the extent to which a continuance would alleviate any

- 35 -

prejudice. Amazon asserts that a continuance of these deadlines for eight months would allow both parties to comply with the court's ruling on Amazon's motion to compel and "properly prepare for dispositive motions and/or trial." D. Br. (ECF No. 80) 6.

D

Evaluating the four factors holistically, the court concludes that extensions of the deadlines at issue are warranted. The court has held above that Allen must be compelled to amend many of his discovery responses and to engage in additional production. Such discovery will take time. Although, as Allen points out, these extensions may impact his litigation costs, this consideration does not outweigh the other factors in this analysis, which point toward allowing extensions. *See United States v. Umbrella Fin. Servs., LLC*, 2024 WL 117153, at *4-5 (N.D. Tex. Jan. 10, 2024) (Fitzwater, J.) (concluding under similar circumstances that plaintiffs were entitled to six month extension of the discovery and other deadlines).

E

The court therefore amends the February 10, 2025 scheduling order so that the following deadlines apply:

The parties must complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than September 30, 2026.

A party must file a motion for summary judgment no later than November 6, 2026.

A party must file a motion not otherwise covered by this order no later than November

6, 2026.

The court continues the trial setting to the two-week docket of February 16, 2027.

\* \* \*

For the reasons explained, the court grants Amazon's motion to continue, and grants in part and denies in part Amazon's motions to dismiss and to compel.

**SO ORDERED**.

March 19, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 37 -