IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL LOMBEH ALLEN,              §
                                  §
            Plaintiff,            §
                                  §
VS.                               §    Civil Action No. 3:24-CV-2846-D
                                  §
AMAZON,                           §
                                  §
            Defendant.            §

MEMORANDUM OPINION
AND ORDER

In a motion and supplemental motion, *pro se* plaintiff Samuel Lombeh Allen ("Allen")

moves for reconsideration of the court's March 19, 2026 memorandum opinion and order

partially granting defendant Amazon's motion to dismiss his second amended complaint

("complaint"). *See Allen v. Amazon (Allen V)*, 2026 WL 776838 (N.D. Tex. Mar. 19, 2026)

(Fitzwater, J.). For the reasons that follow, the court denies Allen's motions.[1]

I

In *Allen V*, filed March 19, 2026, the court dismissed Allen's claims under the Texas

Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* (West

2023), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and

the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, because

---

[1]Amazon moves to strike Allen's second and third motions for reconsideration. Because the court is denying Allen's motions for reconsideration, the court denies Amazon's motions to strike as moot. *See Landstar Homes Dall., Ltd. v. Mid-Continent Cas. Co.*, 2010 WL 5071688, at *8 (N.D. Tex. Dec. 13, 2010) (Kinkeade, J.) (applying similar reasoning in denying motion to strike as moot).

Allen had failed to exhaust his administrative remedies. *Id.* at *2. The court also dismissed

Allen's negligence claim on preemption grounds. *Id.* at *6.

On March 31, 2026 Allen filed a "Reply Brief in Opposition to Defendant's Motion

to Dismiss Second Amended Complaint and Motion for Reconsideration of March 19, 2026

Memorandum Opinion and Order." On April 10, 2026 Allen filed a "Rebuttal to Defendant's

Original Answer, Affirmative and Other Defenses to Plaintiff's Second Amended Complaint

and Motion for Reconsideration of Order at Dkt. No. 92."[2] And on April 15, 2026 Allen

filed a "Supplemental Motion in Further Support of His Rule 59(e) Motion to Alter or

Amend Judgment and for Reconsideration of the Court's March 19, 2026 Memorandum

Opinion and Order." Amazon opposes these three motions.[3] The court is deciding the

motions on the briefs, without oral argument.[4]

---

[2]Although this filing was docketed as a reply brief, the parties consider this to be a second motion for reconsideration.

[3]Amazon filed its response brief to the first motion for reconsideration on April 21, 2026, its response brief to the second motion for reconsideration on May 1, 2026, and its response brief to the third motion for reconsideration on May 5, 2026. Allen filed a reply brief in support of his second motion for reconsideration on May 11, 2026. Allen also filed a reply brief on April 24, 2026, but it is unclear whether this brief is responsive to Allen's first or third motion for reconsideration. The reply brief addresses arguments that Amazon raises in its response to Allen's first motion for reconsideration, but the reply brief is docketed as being responsive to Allen's third motion for reconsideration. Even if the court assumes that Allen's reply brief in support of his third motion for reconsideration has not yet been filed, the court may exercise its discretion to rule on the third motion for reconsideration before Allen's third reply brief is due. *See, e.g.*, *Richardson v. Dwight*, 2017 WL 10296324, at *1 n.2 (N.D. Tex. Nov. 17, 2017) (Fitzwater, J.) (denying motions before reply brief was due); *Stewart v. Atherio Inc.*, 2018 WL 1899291, at *1 (N.D. Tex. Apr. 19, 2018) (Boyle, J.) (denying in-part motion before reply brief was due because reply brief was "unnecessary" to resolve motion).

[4]In its response to Allen's second and third motions for reconsideration, Amazon maintains that Allen failed to satisfy the conference requirements of N.D. Tex. Civ. R. 7.1. Allen's second

II

"Because the court's interlocutory . . . decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita County, Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Jud. Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)

motion for reconsideration, for example, lacks a certificate of conference.

    This court has previously admonished Allen for failing to comply with the local civil rules. *Allen v. Amazon*, 2025 WL 3719889, at *1-2 (N.D. Tex. Dec. 23, 2025) (Fitzwater, J.). But the "failure to file a certificate of conference presents no basis to deny [a] motion where, as here, it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.). Accordingly, the court will not deny Allen's motions based solely on his failure to comply with the conference requirement of the local civil rules. The court emphasizes, once more, that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated." *Id.*

(Fitzwater C.J.)).  "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at *1).  The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, 2014 WL 642738, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Colli*, 2011 WL 3524403, at *1).

III

Allen contends that the court committed a manifest error of law in dismissing his claims under Title VII, the ADA, and the TCHRA based on the affirmative defense of failure to exhaust.  In his complaint, Allen alleged that he attempted to file a charge of discrimination, but was notified that the time to file had expired.  The court concluded that his allegation that he merely attempted to file a charge was fatal to his claims under Title VII, the ADA, and the TCHRA. *Allen V*, 2026 WL 776838, at *2.  Rather than citing precedential authority indicating that the court committed a manifest error of law, Allen rehashes arguments regarding whether he is entitled to equitable tolling. *See Doe v. G6 Hosp.*, 2025 WL 3640992, at *2 (N.D. Tex. Dec. 16, 2025) (Fitzwater, J.) (explaining that motions for reconsideration are "not a proper vehicle for" rehashing arguments).  As the court explained in *Allen V*, the equitable tolling doctrine does not excuse Allen from the requirement of filing a charge of discrimination. *Allen V*, 2026 WL 776838, at *2 (collecting cases).  For that reason, many of the cases Allen relies on are inapposite. *See, e.g.*, *Weathers v. Hou. Methodist Hosp.*, 116 F.4th 324, 327-28 (5th Cir. 2024) (per curiam) (noting that plaintiff had

-4-

filed her charge of discrimination); *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 968 (5th Cir. 2023) (per curiam) (same).  Accordingly, the court denies Allen's motions to reconsider the dismissal of his claims under Title VII, the ADA, and the TCHRA.

IV

Allen contends that the court erred in dismissing his negligence claim based on preemption.  The court discerns no manifest error of law in its preemption analysis.  The TCHRA and the ADA can preempt common law claims.  *See Chime v. PNC Bank Corp.*, 1998 WL 51285, at *8 (N.D. Tex. Jan. 21, 1998) (Sanders, J.) (TCHRA); *Williams v. Crawford & Co.*, 2021 WL 6065824, at *13 n.10 (N.D. Tex. Nov. 24, 2021) (Ramirez, J.) (ADA), *rec. adopted*, 2021 WL 6063640 (N.D. Tex. Dec. 20, 2021) (Brown, J.).  The court considered whether Allen's negligence claim was based on the same conduct as his TCHRA and ADA reasonable accommodations claims.  *Allen V*, 2026 WL 776838, at *6.  Courts routinely rely on this mode of analysis to determine whether statutory claims preempt common law claims.  *See, e.g.*, *Butler v. Collins*, 714 S.W.3d 562, 568 (Tex. 2025) (explaining that TCHRA bars common law claims that are "based on the same course of conduct as discrimination . . . claims"); *Diaz v. Cellco P'ship*, 2026 WL 71693, at *2 (N.D. Tex. Jan. 9, 2026) (Pittman, J.) (concluding that common law claim was preempted because same factual basis underlies statutory claim and common law claim); *Ford v. Pangea Int'l Trading Co.*, 2025 WL 2977978, at *6 (S.D. Tex. Oct. 21, 2025) (Rosenthal, J.) (concluding that negligence claim was preempted because it was "based on the same actions" as plaintiff's statutory claim and he "points to no separate set of facts on which he may stake

-5-

a negligence claim"). For similar reasons, the court's determination that the dismissal of Allen's TCHRA and ADA claims did not negate their preclusive effect was not a manifest error of law. *See Thurston v. Sound Physicians Anesthesiology of Tex., PLLC*, 2024 WL 1337373, at \*3 (N.D. Tex. Mar. 28, 2024) (Pittman, J.) (citing *Wiggins v. St. Luke's Episcopal Health Sys.*, 517 Fed. Appx. 249, 252 (5th Cir. 2013) (per curiam)) (holding that TCHRA preempted common law claims where common law claims shared a "factual nexus" with allegations that could be actionable under TCHRA).

The court, likewise, discerns no manifest error in its reading of the allegations of Allen's complaint. Concerning his negligence claim, Allen alleged that Amazon breached its duty of care by failing to remove objects in the blind pathway and provide cones, tape, or signage for the path before he was injured. In his TCHRA and ADA claims, Allen alleged that he requested reasonable accommodations before his injury and that Amazon failed to reasonably accommodate his requests to remove objects in the blind pathway and provide cones, tape, or signage for the path. Allen has not alleged a separate set of facts, distinct from those facts relied on to support his reasonable accommodation claims, on which he may stake his negligence claim. The same conduct is the alleged breach that gives rise to his negligence claim and an alleged discriminatory act that gives rise to his TCHRA and ADA reasonable accommodation claims. *See Diaz*, 2026 WL 71693, at \*2 (finding preemption where same action "allegedly violates [the TCHRA] as a form of retaliation and simultaneously allegedly constitutes negligence"). Moreover, Allen's differing interpretation of his factual allegations simply rehashes "arguments previously made, or that could have

-6-

been made, in response to the motion to dismiss." *See Barzelis v. Flagstar Bank, F.S.B.*, 2013 WL 12126117, at *2 (N.D. Tex. May 31, 2013) (Means, J.). Accordingly, Allen's motions to reconsider the dismissal of his negligence claim are denied.

\* \* \*

For the reasons explained, the following motions are denied: March 31, 2026 "Reply Brief in Opposition to Defendant's Motion to Dismiss Second Amended Complaint and Motion for Reconsideration of March 19, 2026 Memorandum Opinion and Order."; April 10, 2026 "Rebuttal to Defendant's Original Answer, Affirmative and Other Defenses to Plaintiff's Second Amended Complaint and Motion for Reconsideration of Order at Dkt. No. 92"; and April 15, 2026 "Supplemental Motion in Further Support of His Rule 59(e) Motion to Alter or Amend Judgment and for Reconsideration of the Court's March 19, 2026 Memorandum Opinion and Order." And Amazon's May 1, 2026 motions to strike are denied

as moot.

**SO ORDERED**.

May 14, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE